UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19cv61375

VILMA REYES, individually and on behalf of all those similarly situated,

    Plaintiff,

v.

**COMPLAINT – CLASS ACTION**

RADIUS GLOBAL SOLUTIONS LLC,

    Defendants.

_____/

**CLASS ACTION COMPLAINT SEEKING
INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

Plaintiff VILMA REYES ("Plaintiff"), individually and on behalf of all those similarly situated, sues Defendant RADIUS GLOBAL SOLUTIONS LLC ("Defendant") for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

**1.**     **JURISDICTION AND VENUE**

    1.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337. Further, and with respect to all counts, jurisdiction of this Court also arises under 28 U.S.C. § 1332(d), as the total amount in controversy exceeds five million dollars ($5,000,000.00) exclusive of interest and costs.

    2.     Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**2.     PARTIES**

3.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4.     Defendant is a Minnesota corporation, with its principal place of business located at 7831 Glenroy Road, Suite 250, Edina, Minnesota 55439

5.     Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

6.     At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

**3.     DEMAND FOR JURY TRIAL**

7.     Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all alleged counts and any issues so triable.

**4.     ALLEGATIONS**

8.     The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

9.     Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

10.    Defendant is a business entity engaged in the business of collecting consumer debts.

11.    Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12.    Defendant is a "consumer collection agency" as defined by Fla. Stat. § 559.55(3).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

13. Defendant is registered as a "Consumer Collection Agency" with the Florida Office of Financial Regulation and Defendant's "Consumer Collection Agency" license number is CCA0900498.

14. Defendant does not maintain all the records specified in Rule 69V-180.080, Florida Administrative Code.

15. The records specified by Rule 69V-180.080, Florida Administrative Code, of which does Defendant maintain, are not current to within one week of the current date.

16. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(5); Fla. Stat. § 559.55(6).

17. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C § 1692a(3).

18. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(6); Fla. Stat. § 559.55(7).

19. On a date better known by Defendant, it began attempting collect the Consumer Debts from Plaintiff.

20. Defendant mailed a collection letter, dated December 27, 2018, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

21. The Consumer Debt is a time-barred debt, *in that*, suing Plaintiff to collect the Consumer Debt is prohibited by the applicable statute of limitations. *See* Fla. Stat. §95.11.

22. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

23. Defendant engaged in activity constituting "any action to collect [a] debt" by mailing the Collection Letter to Plaintiff. *See* Fla. Stat. § 559.715.

24. Defendant identifies itself as a "debt collector" in the Collection Letter.

25. The following is an except from the Collection:

> The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency.
>
> Radius Global Solutions is a collection agency. We do not sue people and we cannot and will not sue you on any account placed with our office.

*See* Exhibit A.

**5.   CLASS ALLEGATIONS**

26. This action is brought on behalf of the following "FDCPA Class."

27. The "**FDCPA Class**" consists of: (1) all persons with Florida addresses (2) who were mailed a letter (3) from Defendant (4) that attempt to collect a time-barred consumer debt (5) during the twelve [12] months preceding the filing of this Complaint.

28. Plaintiff alleges, on information and belief, each class is so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical letters to addresses in Florida which unlawfully and/or otherwise deceptively attempt to collect time-barred consumer debts from Florida consumers.

5.1   EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT

29. Common questions of law and fact exist as to the proposed class and otherwise predominate over any issues involving only individual class members.

30. The factual issues common to the FDCPA Class are whether members received a letter from Defendant, whether said letter attempts to collect a time-barred consumer debt, and whether Defendant, by and through said letter, violated the FDCPA.

31. The principal legal issue for the FDCPA Class is whether Defendant, by and through the collection letter received by Plaintiff, violates § 1692e, § 1692e(2)(A), § 1692e(5), § 1692e(10), and § 1692f of the FDCPA the FDCPA.

32. Excluded from the class is Defendant's agents and employees, Plaintiff's attorney(s) and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

5.2   TYPICALITY

33. Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

5.3   ADEQUACY

34. Plaintiff is an adequate representative of each of the classes.

35. Plaintiff will fairly and adequately protect the interests of the classes.

36. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA, FCCPA, TCPA, and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

5.4   PREDOMINANCE AND SUPERIORITY

37. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    (a)   The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

    (b)   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

38. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, *in that*, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

*COUNT I.*
**VIOLATION OF 15 U.S.C. § 1692e, e(2)(A), e(5), e(10), & § 1692f**

39. On behalf of the FDCPA Class, Plaintiff incorporates by reference paragraphs 1-38 as though fully set forth herein.

40. Defendant violated § 1692e, § 1692e(2)(A), § 1692e(5), § 1692e(10), and § 1692f of the FDCPA because the Collection Letter Defendant dispatched to Plaintiff, in light of the least sophisticated consumer standard, was a deceptive, misleading, unfair, and unconscionable attempt to collect the time-barred debt from the least sophisticated consumer.

41. With respect to the letter received by Plaintiff, the Collection Letter does not inform the least sophisticated consumer that Defendant cannot sue to collect the time-barred Consumer Debt. The statement: "*the law limits how long you can be sued on a debt*" is overly vague (e.g.: what "*law*;" what is meant by "*limits*;" how long is "*long*;" and which "*debts*?"), ambiguous in relevance (*i.e.*, the Collection Letter *does not state* the Consumer Debt *is* a debt which the "law" has "limited" the least sophisticated consumer from being "sued" on), and obscurely placed at the bottom of the Collection Letter in small, dismissive font. Instead of clarity, Defendant then follows with: "*because of the age of the age of the debt LVNV Funding LLC will not sue you for it*" as if the creditor, LVNV Funding, was *choosing* not to sue even though – in reality – the creditor **cannot** sue to collect the time-barred Consumer Debt.

42. The Collection Letter does not inform the least sophisticated consumer that if the consumer made, or even agreed to make, a partial payment towards Consumer Debt, the consumer could restart the clock on the long-expired statute of limitations, in effect brining a long-dead debt back to life.

43. Defendant builds upon its deceptive scheme, after having willfully blinded the least sophisticated consumer from corner-stone information, by nefariously offering the least sophisticated consumer so-called "Resolution offer." In reality, however, this opportunity that Defendant presents saves the consumer nothing. Any amount of a time-barred debt paid by debtor, no matter how small, will always cost more than paying nothing. In fact, the "reduced payment offer" only saves one thing – it saves is the underlying debt from remaining dead, in that, it saves the debt from the iron-clad protection of the statute of limitations.

44. The Collection Letter is filled with misleading language and innuendo that fails to make clear that the statute of limitations has ended, and that payment any amount of the Consumer Debt will service to revive the statute of limitations. Moreover, the deceptive nature of the Collection Letter is compounded by the nefarious "Resolution offer" that Defendant deceptively presents to the least sophisticated consumer without any drawbacks or downsides.

45. Simply put, Defendant failed to sufficiently inform the least sophisticated consumer that the debt it sought to collect was absolutely time-barred, wrongfully misrepresented the nature and legal status of the underlying debt, deceptively offered the least sophisticated consumer a reduced payment and/or "Resolution offer," and by failed inform the least sophisticated consumer, whatsoever, that the underlying debt can revived if, for example, the consumer agreed to make a partial payment towards the underlying debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

46. Accordingly, Defendant violated § 1692e, § 1692e(2)(A), § 1692e(5), § 1692e(10), and § 1692f of the FDCPA by and through deceptive collection letters it (Defendant) mailed to Florida consumers in an attempt to collect time-barred consumer debts.

47. WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests the Court enter judgment in favor of Plaintiff and the FDCPA Class and against Defendant for:

(a) Statutory damages, as provided under 15 U.S.C. §1692k;

(b) Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and

(c) Such other or further relief as the Court deems proper.

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*