**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
Case No. 0:19-cv-61375-RAR

VILMA REYES, individually and on
behalf of all those similarly situated,

   Plaintiff,

v.

RADIUS GLOBAL SOLUTIONS LLC,

   Defendant.
_____/

**<u>DEFENDANT, RADIUS GLOBAL SOLUTIONS LLC'S, MOTION FOR
JUDGMENT ON THE PLEADINGS</u>**

  Defendant, Radius Global Solutions LLC (RGS), through counsel and under the Federal Rules of Civil Procedure, hereby moves for judgment in its favor and dismissal with prejudice of the claims asserted by plaintiff, Vilma Reyes (plaintiff), and states:

**I.  INTRODUCTION**

  Plaintiff's claims rest upon a single letter RGS sent plaintiff regarding a debt owed to LVNV Funding LLC (LVNV). Specifically, plaintiff alleges RGS violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, by failing to inform plaintiff LVNV "cannot sue" her, versus "will not" sue her, because the statute of limitations has expired, and failing to inform plaintiff a partial payment may revive the statute of limitations. Doc. 1 at ¶¶ 41–45. Simply put, plaintiff's claims have been addressed by this Court and fail as a matter of law.

1

As Judge Scola held in *Valle v. First Nat'l Collection Bureau, Inc.*, "the phrase 'will not sue you' is not false or deceptive, even from the perspective of the least sophisticated consumer." 252 F.Supp.3d 1332, 1341 (S.D. Fla. 2017) (Scola, J.). This is true even when the debt collector has made a "resolution offer" because "[i]t is not plausible that the least sophisticated consumer would be deceived" when the collection agency has made an explicit promise not to sue. *Swann v. Dynamic Recovery Solutions, LLC*, *et al.*, 2018 WL 6198997, at *11 (N.D. Ala. Nov. 28, 2018), *appeal filed*, No. 18-15199 (11th Cir. Dec. 14, 2018).

And, as Judge Bloom held in *Madinya v. Portfolio Recovery Associates, LLC*, "because a time-barred debt cannot be revived by partial payment alone under Florida law, then the least sophisticated consumer could not be misled by omission of language regarding the potential consequences of such payment." 2018 WL 6590829, *3 (S.D. Fla. Dec. 14, 2018) (Bloom, J.). Indeed, Florida Statute Section 95.04 requires an "acknowledgement of, or promise to pay, a debt barred by a statute of limitations" to be "in writing and signed by the person sought to be charged" to revive the statute of limitations on the time-barred debt.

RGS is entitled to judgment in its favor.

## II.   BACKGROUND

On June 2, 2019, plaintiff filed this action alleging violations of the FDCPA, all based upon RGS's December 27, 2018 collection letter attached to the Complaint. *See* Doc. 1, including Ex. A. In relevant part, the collection letter states:

> The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency.
>
> Radius Global Solutions is a collection agency. We do not sue people and we cannot and will not sue you on any account placed with our office.

Doc. 1 at Ex. A.

Specifically, plaintiff alleges this language violates § 1692e FDCPA by: (1) failing to inform plaintiff LVNV "cannot sue" her, versus "will not sue" her; and (2) failing to inform plaintiff a partial payment could revive the statute of limitations. Doc. 1 at ¶¶ 41–45. Based upon the same facts and theories, plaintiff is also asserting a claim under § 1692f of the FDCPA.

### III.  ARGUMENT

Under Rule 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "'A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.'" *Abreu v. Zale Corp.*, No. 3:12-CV-2620-D, 2013 WL 1949845, at *1 (N.D. Tex. May 13, 2013) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a

motion to dismiss under Rule 12(b)(6). *Id*. (citing *Hoffman v. L&M Arts*, 2011 WL 3567419, at *4 (N.D. Tex. Aug. 15, 2011)).

Under Rule 12(b)(6), the defendant may seek to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the court evaluates the sufficiency of the complaint by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"Even when a plaintiff does not affirmatively plead all the elements of a defense, judgment on the pleadings is appropriate if judicially noticeable facts and materials, in

4

conjunction with the plaintiff's pleadings, establish a successful affirmative defense." *Abreu*, 2013 WL 1949845, at *1.

In the Eleventh Circuit, courts "employ the 'least sophisticated consumer' standard to evaluate whether a debt collector's communication violates § 1692e of the FDCPA." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010) (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175–77 (11th Cir. 1985)). "Under that standard, a debt collector violates § 1692e by making a representation in a collection letter that would be deceptive or misleading to the 'least sophisticated' recipient of the letter." *Holzman v. Malcolm S. Gerald & Associates, Inc.*, 920 F.3d 1264, 1269 (11thCir. 2019) (citing *LeBlanc*, 601 F.3d at 1193–95). "Likewise, a collection practice violates § 1692f if it would be unfair or unconscionable as applied to the 'least sophisticated' debtor subjected to the practice." *Id.* (citing *LeBlanc*, 601 F.3d at 1201).

"'The least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *LeBlanc*, 601 F.3d at 1194 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318, 1319 (2d Cir. 1993)). To be sure, a court should not "'countenance lawsuits based on frivolous misinterpretations or nonsensical interpretations of being led astray.'" *Fed'l Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 514 (6th Cir. 2007) (quoting *Jacobson v. Healthcare Fin. Servs. Inc.*, 434 F.Supp.2d 133 (E.D. N.Y. 2006)). Instead, "the test has an objective component in that '[w]hile protecting naïve consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness.'" *LeBlanc*, 601 F.3d at 1194 (quoting *United*

5

*States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996) (citing *Clomon*, 988 F.23d at 1319)); *Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008) ("least-sophisticated consumer" standard is an objective test); *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85 (2d Cir. 2008) (same).

Thus, although "whether a representation made in a collection letter would be deceptive or misleading to the least-sophisticated consumer, or a collection practice would be unfair or unconscionable when applied to the least-sophisticated consumer, generally is a question of fact to be decided by a jury," courts within the Eleventh Circuit routinely decide FDCPA claims based upon collection letters, like here, as a matter of law. *Holzman*, 920 F.3d 1264 at 1269; *see, e.g.*, *Valle*, 252 F.Supp.3d 1332 (granting motion for judgment on the pleadings where plaintiff alleged defendant violated the FDCPA by sending a letter to collect a time-barred debt which misleadingly stated the creditor "will not" sue for the debt); *Madinya*, 2018 WL 6590829 (granting motion for judgment on the pleadings where plaintiff alleged defendant violated the FDCPA by sending a letter to collect a time-barred debt without disclosing partial payment may revive the statute of limitations); *Olsen v. Calvary Portfolio Services, LLC*, 2016 WL 4248009 (M.D. Fla. Aug. 11, 2016) (Merryday, J.), *appeal dismissed*, No. 16-16680-BB, 2017 WL 5127323 (11th Cir. Apr. 12, 2017) (granting motion to dismiss complaint alleging defendant violated the FDCPA by sending a settlement offer letter to collect a time-barred debt); *Cooper v. Midland Credit Mgmt., Inc.*, 2018 WL 6517448 (M.D. Ga. Sept. 12, 2018), *appeal filed*, No. 19-10120 (11th Cir. Jan. 10, 2019) (granting motion to dismiss complaint alleging defendant violated the FDCPA by sending a letter to collect a time-barred debt without disclosing partial payment

6

would revive the statute of limitations); *Smith v. Portfolio Recovery Associates, LLC*, 2019 WL 2236264 (M.D. Ga. May 23, 2019) (*Smith v. PRA*) (granting motion to dismiss complaint alleging defendant violated the FDPCA by sending a letter to collect a time-barred debt without disclosing partial payment would revive the statute of limitations); *Swann*, 2018 WL 6198997 (granting motion to dismiss complaint alleging defendant violated the FDCPA by sending a letter offering to "resolve" a time-barred debt which misleadingly stated the creditor "will not sue for the debt); *Trichell v. Midland Credit Mgmt., Inc.*, 2018 WL 4184570 (N.D. Ala. Aug. 31, 2018), *appeal filed*, No. 18-14144 (11th Cir. Sept. 218, 2018) (granting motion to dismiss complaint alleging defendant violated the FDPCA by sending a letter to collect a time-barred debt which misleadingly stated the creditor "will not sue" for the debt); *see also Caprio v. Healthcare Revenue Recovery Group, LLC*, 709 F.3d 142, 147 (3d Cir. 2013) (finding the standard is a matter of law).

A. <u>*The FDCPA Does Not Prohibit Collection of Time-Barred Debts*</u>.

"State law usually determines whether a person has [] a right [to payment]" after the limitation period expires. *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1411 (2017). In Florida, "the [s]tatute of [l]imitations bars only the right of action, and not the debt itself."[1] *Fla. Nat. Bank of Jacksonville v. Gardner*, 19 So. 2d 5, 6 (Fla. 1944). In other words, plaintiff's "debt did not go away when the statute of limitations ran." *Koerner v. Midland Credit Mgmt., Inc.,* 347 F. Supp. 3d 1143, 1146 (M.D. Fla. 2018). Therefore, "it

---

[1] For purposes of this motion, RGS does not dispute the underlying debt at issue is barred by the applicable statute of limitations.

is not unlawful to seek the voluntary repayment of a time-barred debt." *Olsen*, 2016 WL 4248009 at *2; *see also Holzman*, 920 F.3d 1264 at 1273 ("[W]e reject Plaintiff's claim that the general practice of attempting to collect on time-barred debt is *per se* unfair or unconscionable.").

"[T]he majority of courts have held that when the expiration of the statute of limitations does not invalidate a debt, but merely renders it unenforceable, the FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts." *Huertas v. Galaxy Asset Mgt.*, 641 F.3d 28, 32–33 (3d Cir. 2011); *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001) ("[I]n the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid."); *Castro v. Collecto, Inc.*, 634 F.3d 779, 783 (5th Cir. 2011) (threat to sue on time-barred debt violates the FDCPA); *Wallace v. Capital One Bank*, 168 F. Supp. 2d 526, 529 (D. Md. 2001) ("[N]o violation of the FDCPA occurs solely because a debt validation notice silent on the time-bar issue is sent to the debtor.").

Here, RGS's letter does not contain an improper threat of legal action. Indeed, the letter states exactly the opposite—RGS expressly states the debt is time-barred and promises plaintiff she will not be sued. *See* Doc. 1 at Ex. A.

**B.**     *The Phrase "Will Not Sue" Is Not Misleading.*

As this Court held in *Valle*, "the phrase 'will not sue you' is not false or deceptive, even from the perspective of the least sophisticated consumer." 252 F.Supp.3d 1332, 1341;

8

*see also, e.g., Olsen*, 2016 WL 4248009 (granting defendant's motion to dismiss where "the collection letters specifically state that [defendant] 'will not sue'"); *Swann*, 2018 WL 6198997, at *11 (same); *Trichell*, 2018 WL 4184570 (same); *Cooper*, 2018 WL 6517448, (same); *Smith v PRA*, 2019 WL 2236264 (same); *see also, e.g., Smith v. Dynamic Recovery Solutions, LLC*, et al., 2019 WL 2368460, at *3–4 (D. S.C. June 5, 2019) (*Smith v. DRS*) (same).

In *Valle*, the defendant sent a letter stating:

> The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency.

252 F.Supp.3d 1332 at 1340. Plaintiff alleged defendant's use of the phrase "will not sue" was false and misleading because "it implied that the Defendant chose not to sue the Plaintiff when, in reality, the Defendant could not sue the Plaintiff as a matter of law because of the age of the debt." *Id.* In entering judgment in favor of the defendant, Judge Scola held the phrase "will not sue" was not misleading "even from the perspective of the least sophisticated consumer," because the preceding sentence—"The law limits how long you can be sued on a debt"—puts the language "in the proper context" and makes clear no lawsuit would be filed. *Id.*

In part, the Court reached this conclusion because the fact that "the two agencies charged with enforcing the FDCPA, [the FTC and the CFPB,] mandated the language used by the Defendant serves to reinforce its finding that the language does not constitute a false representation or a deceptive means of collecting the debt." *Id.* at 1341. For that same

9

reason, numerous other district courts have reached the same conclusion. *See, e.g., Swann*, 2018 WL 6198997, at *11 (finding the "will not sue" language "is the same language mandated by consent decrees which have been entered into by the [FTC] and the [CFPB]"); *Trichell*, 2018 WL 4184570 at *2 (taking judicial notice of the fact the defendant had entered a consent decree with the CFPB instructing defendant and other debt collectors to include the following language in letters seeking to collect time-barred debts: "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau."); *see also, e.g., Smith v. DRS*, 2019 WL 2368460 at *3–4 ("Moreover, in line with other courts considering this issue, the court judicially notices the fact that the FTC and CFPB use this 'will not sue' language and finds this to be a persuasive fact that the language is not misleading under the FDCPA.").

Further, courts have found an offer to "settle" or "resolve" a debt—in the context of an explicit promise the creditor "will not sue" the consumer—cannot be considered false or misleading as a matter of law. For example, in *Olsen*, the defendant debt collector sent a letter offering to "settle" the debt and stated:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it.

2016 WL 4248009 at *1. Plaintiff argued "Calvary's offer to 'settle' is deceptive" because "the offer to 'settle' implies that Calvary could sue to compel payment of the time-barred debt and that partial payment of the debt is better than no payment." *Id.* at *2. However, the court found there were no false or misleading representations in the defendant's letters,

10

because "the collection letters specifically state that Calvary 'will not sue' and contain no false or deceptive representation about partial payment." *Id.*[2]

In *Swann*, the defendant debt collector sent a letter offering to "resolve" the debt and stated:

> The law limits how long you can be sued on a debt.  Because of the age of your debt Jefferson Capital Systems, LLC will not sue you for it.

2018 WL 6198997 at *2.  Plaintiff argued the debt collector violated the FDCPA because the use of the word "resolve" "would lead the least sophisticated consumer to believe that she might be sued if she did not pay the debt."  *Id.* at *6.  The Court dismissed the complaint, finding "[i]n this case, it is not plausible that the least sophisticated consumer would be deceived by the use of the word 'resolve' in this context," because "resolve" "does not carry with it . . . litigation connotations."  *Id.* at *11.  Further, the defendant's promise that the creditor "will not sue" the consumer was language that would dispel any "potentially misleading terminology."  *Id.*; s*ee also, e.g., Trichell*, 2018 WL 4184570 at *4 (dismissing plaintiff's complaint because the letter was not false or misleading, where the language promising defendant "will not sue" "would correct 'any possible misimpression by unsophisticated consumers'") (*quoting Buchanan v. Northland Group*, 776 F.3d 393, 400 (6th Cir. 2015)).

In *Holzman*, the Eleventh Circuit found the debt collector defendant violated the FDCPA by failing to include ***any*** time-barred debt disclosure whatsoever, because such

---

[2] In fact, Calvary's letters did not contain *any* disclosures regarding the potential consequences of making a partial payment.  2016 WL 4248009 at *2.

11

letter would be misleading to the least sophisticated consumer.  920 F.3d 1264, 1273 (11th Cir. 2019).  But, the Court explained the defendant could correct this shortcoming by including "general language" disclosing the time-barred status of the debt.  *Id.*  The Court recognized that indeed the defendant had implemented such a disclosure in subsequent letters by including the following language:

> The law limits how long you can be sued on a debt.  Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency.

*Id.* (*citing Shields v. J.C. Christensen & Assoc., Inc.*, 2017 WL 1106085, at *1 (S.D. Ind. Mar. 24, 2017)).[3]  Notably, this is the **_exact_** disclosure used in RGS's letter.

Realizing the material defects in her claim, plaintiff will likely rely on the 7th Circuit non-binding decision in *Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679 (7th Cir. 2017).  Here, RGS's letter is distinguishable from the *Pantoja* letter because the *Pantoja* letter did not include the pertinent first sentence: "The law limits how long you can be sued on a debt."  *Id.*  The court in *Trichell* explained this is a critical distinguishing factor.  2018 WL 4184570 at *4.  "By contrast, in this case, the collection letters include a sentence stating that the law limits how long a debtor can be sued on a debt.  This sentence

---

[3] Similarly, the Sixth Circuit determined "it would be easy to include general language" to "correct[] any misimpression by unsophisticated consumers without venturing into the realm of legal advice."  *Buchanan v. Northland Group, Inc.*, 776 F.3d 393 at 400 (6th Cir. 2015).  The court recognized the defendant had subsequently added such a disclosure to its letters by including the following language:

> The law limits how long you can be sued on a debt.  Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNF Funding LLC will not report it to any credit reporting agency.

*Id.*  This is the exact disclosure used in RGS's letter.

12

draws a connection between the legal unenforceability of the debt and the debt collector's promise not to sue. . . . Accordingly, unlike in *Pantoja*, the collection letters here do not deceptively or misleadingly imply that the debts are legally enforceable." *Id.*

Here, RGS used the ***exact*** disclosure language accepted by this Court in *Valle* and acknowledged by the Eleventh Circuit in *Holzman*. And, as held by the *Olsen* and *Swann* courts, this language is not misleading even in the context of a "settlement" or "resolution" offer. Notably, RGS's letter goes even further than the cases cited here, promising plaintiff not only that LVNV will not sue her, but also that RGS cannot and will not sue her. Thus, when read in context, there is nothing misleading about RGS's letter.

C.  *Debt Collectors are Not Required to Include a Disclosure Informing Consumers a Partial Payment May Revive the Statute of Limitations, Because Partial Payment Alone Does Not Revive the Statute of Limitations.*

A partial payment alone does not revive the statute of limitations. Under Florida law, a debt is revived only upon "acknowledgement of, or promise to pay" the debt, and such acknowledgement "must be in writing and signed by the person sought to be charged." Fla. Stat. § 95.04. "The payment of interest or a part of the debt without an acknowledgment in writing of the principal balance of the debt and a willingness to pay the same will not take a demand from under the bar of the statute of limitations." *Woodham v. Hill*, 78 Fla. 517 (Fla. 1919); *see also, e.g., In re Stewart*, 215 B.R. 633 (M.D. Fla. Bank. 1997) (finding the statute of limitations was not revived where debtor made a partial payment but did not specifically state the purpose of the payment).

Accordingly, Judge Bloom recently held the omission of a statement that a partial payment may revive the statute of limitations is not misleading. *Madinya*, 2018

13

WL 6590829. In *Madinya*, plaintiff alleged defendant attempted to collect a time-barred debt but failed "to disclose to Plaintiff that should she make a partial payment on the debt, Defendant's right to sue for the debt would be 'revived' under Florida law." *Id.* at *1. Plaintiff alleged "defendant must avoid creating a misleading impression regarding the consequences of making partial payment on a time-barred debt, and clearly and prominently disclose that partial payment would revive the statute of limitations." *Id.* The Court, however, recognized plaintiff's theory was based on a misunderstanding of Florida law. *Id.* at *2.

Specifically, the Court recognized plaintiff seemed to be conflating two separate Florida statutes. *Id.* at *2. Florida law recognizes "[t]he payment of any part of the principal or interest of any obligation or liability founded on a written instrument" will *toll* the statute of limitations for a debt for which the statute of limitations *has not yet expired*. *Id.* (quoting Fla. Stat. § 95.051(1)(f)). "By contrast, once the statute of limitations has expired, '[a]n acknowledgment of, or promise to pay, a debt barred by a statute of limitations *must be in writing and signed by the person sought to be charged*.'" *Id.* (quoting Fla. Stat. § 95.04) (emphasis in original). In granting defendant's motion for judgment on the pleadings, the Court determined "because a time-barred debt cannot be revived by partial payment alone under Florida law, then the least sophisticated consumer could not be misled by omission of language regarding the potential consequences of such payment." *Id.* at 3.

At least one other Florida court has reached the same conclusion. In *Koerner*, the Middle District of Florida explained:

> The collection letters did not go as far as to inform Plaintiffs that partial payments might revive the statute of limitations, but that is immaterial. While Florida law might allow for revival of the statute of limitations based on partial payments, Defendants expressly agreed to forgo legal action and the collection letters advised Plaintiffs that the consequence of not paying the debt was continued reporting of the debt to credit reporting agencies as unpaid. And, Defendants' policies and procedures provide that a statute of limitations would never be revived based on partial payments. There is, therefore, no scenario in which the statute of limitations would be revived and consequently, there is nothing misleading about the collection letters. In fact, to the contrary, a statement that partial payment might revive or reset the statute of limitations would be a misrepresentation, given Defendants' policies. Therefore, as a matter of law, even the 'least sophisticated consumer' would not find MCM's collection letters deceptive or misleading and summary judgment will be granted.

*Koerner*, 347 F.Supp.3d 1143.[4]

In Georgia, which has a similar state law requiring a written acknowledgment of a debt to revive the SOL, at least two circuit courts have come to similar conclusions. *See e.g., Cooper*, 2018 WL 6517448, at *3 (dismissing plaintiff's complaint because plaintiff failed to "allege any facts to suggest that [defendant] would disregard its promise not to sue him for the debt and instead pursue a claim against him if he made a partial payment

---

[4] Furthermore, RGS is under "no duty to advise [a consumer] of potential defenses, including . . . consequence[s] of partial payment." *Olsen*, 2016 WL 4248009 at *2; *see also Ehrich*, 2015 WL 6470453, at *2 ("a debt collector is not required to advise a consumer of any potential defenses to legal action"); *Dimatteo v. Sweeney, Gallo, Reich & Bolz, L.L.P.*, No. 14-3746, 2015 WL 4281508, at *2 (2d Cir. 2015) (recognizing that the FDCPA does not require communications from debt collectors to identify defenses that consumers might present). *See* Fla. Stat. § 416.32.

15

accompanied by a notation sufficient to revive the statute of limitations"); and *Smith v. PRA*, 2019 WL 2236264 (following *Cooper*).

Here, RGS's letter clearly sets forth the proper legal status of the debt and explicitly promises **_neither_** LVNV Funding **_nor_** RGS would not sue for it:

> The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency.
>
> Radius Global Solutions is a collection agency. We do not sue people and we cannot and will not sue you on any account placed with our office.

Doc. 1 at Ex. A. And, like in *Olsen*, RGS's letter contains "no false or deceptive representation about partial payment." 2016 WL 4248009 at *2. In light of RGS's explicit promise plaintiff will not be sued, like in *Madinya, Koerner* and *Olsen,* there is nothing misleading about this disclosure.

**D.**    *Plaintiff's Section 1692f Claim Also Fails as a Matter of Law*.

Section 1692e prohibits "false, deceptive or misleading representation or means in connection with the collection of any debt" and Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." Plaintiff combined her Section 1692e and 1692f claims into one count in the Complaint. *See* Doc. 1 at ¶ 40–46. Clearly, plaintiff's Section 1692f claim is based on the same underlying conduct as plaintiff's Section 1692e claim—and because her Section 1692e claim fails, her Section 1692f claim also fails as a matter of law. *See, e.g.*, *Olsen*, 2016 WL 4248009 (finding plaintiff's 1692f count alleged the same facts as plaintiff's 1692e count, so plaintiff failed

16

to state a separate claim under 1692f) (citing *Miljkovic*, 2014 WL 3587550, at *9 (stating that the "§ 1692f claim still depends on the misconduct charged under §§ 1692e and 1692e(10) and is therefore insufficient to state a separate claim"); *Swann*, 2018 WL 6198997, at *14 (finding since plaintiff's 1692e(5) claim failed, plaintiff's 1692f claim also fails where the allegations were based on the same conduct); and *Winberry v. United Collection Bureau, Inc.*, 697 F.Supp.2d 1279, 1292 (M.D. Ala. 2010) (Albritton, J.) (stating that there is "a growing consensus, at least among district courts, that a claim under § 1692f must be based on conduct either within the listed provisions, or be based on conduct which falls outside of those provisions, but which does not violate another provision of the FDCPA.")).

For these reasons, plaintiff's claims fail, and plaintiff's complaint must be dismissed with prejudice.

## IV.    CONCLUSION

RGS made no "false, deceptive, or misleading representation" in its letter, nor did RGS use any "unfair or unconscionable means" in its attempt to collect the debt from plaintiff. Rather, RGS's letter provided the accurate legal status of the debt and made an explicit promise that neither the creditor nor the collection agency would sue her for it. Therefore, the Court should grant RGS's motion for judgment on the pleadings and dismiss plaintiff's complaint with prejudice.

WHEREFORE, Defendant, Radius Global Solutions LLC, respectfully requests this Court enter an order granting Defendant's Motion for Judgment on the Pleadings,

dismissing plaintiff's Complaint with prejudice, and entering judgment in favor of RGS, and for such other relief as this Court deems proper.

Dated: August 28, 2019

Respectfully submitted,

*/s/ Ashley Wydro*
Ashley Wydro, Esq.
Florida Bar No. 0106605
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
Telephone: (813) 440-5327
Facsimile: (877) 334-0661
awydro@sessions.legal
dvanhoose@sessions.legal

*Attorney for Defendant,*
*Radius Global Solutions LLC*

## CERTIFICATE OF SERVICE

I certify that on this 28th day of August 2019, a copy of the foregoing was sent to plaintiff's counsel as described below by e-mail.

Jibrael S. Hindi, Esq.
Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301

*/s/ Ashley Wydro*
Attorney