UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:19-cv-61375-RAR

VILMA REYES,

    Plaintiff,

v.

RADIUS GLOBAL SOLUTIONS LLC,

    Defendant.
_____/

**RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff VILMA REYES ("Plaintiff") submits this Response in Opposition to Defendant RADIUS GLOBAL SOLUTIONS LLC's ("Defendant") Motion for Judgment on the Pleadings.

## INTRODUCTION & BACKGROUND

1. On June 2, 2019, Plaintiff sued Defendant, alleging Defendant violated the Fair Debt Collection Practices Act (the "FDCPA") by mailing an unlawful collection letter to Plaintiff in an attempt to collect a debt, D.E. 1, and attached the concerning collection letter (the "Collection Letter") to the Complaint as an Exhibit. *See* D.E. 1-3.

2. On August 28, 2019, Defendant filed its Motion for Judgment on the Pleadings ("Defendant's Motion" or "Motion") [D.E. 17] now before this Court. In the Motion, Defendant claims it is entitled to judgment "as a matter of law," D.E. 17 at 1, and presents three[1] arguments:

---

[1] Defendant *does* present a fourth argument, *namely*, "Plaintiff's Section 1692f Claim Also Fails as a Matter of Law," D.E. 17 at 16; however, Defendant's argument is that, "plaintiff's Section 1692f claim is based on the same underlying conduct as plaintiff's Section 1692e claim – and because [Plaintiff's] Section 1692e claim fails, [Plaintiff's] Section 1692f claim also fails as a matter of law." D.E. 17 at 16.

(1) The FDCPA does not prohibit collection of time-barred debts; (2) The phrase "will not sue" is not misleading; (3) Debt collectors are not required to include a disclosure informing consumers that a partial payment may revive the statute of limitations because partial payment alone does not revive the statute of limitations.

3. In short, Defendant's Motion misrepresents the legal landscape with respect to the least sophisticated consumer standard; it misconstrues the allegations of the Complaint; and intentionally distorts the decisions of courts within this district. As discussed below, the opinions Defendant proffers in support of its position are premised on completely, and unquestionably, different facts and circumstances. Simply put, Defendant misrepresents and improperly narrows the allegations of the Complaint in an attempt to obtain a decision *as a matter of law*. Make no mistake – whether the Collection Letter violates § 1692e, § 1692e(2)(A), § 1692e(5), § 1692e(10), and § 1692f, of the FDCPA are *clear questions of fact which cannot be disposed as a matter of law*.

## ARGUMENT

4. "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (*quoting* Cannon v. City of W. Palm Beach, 250 F.3d 1299, 1301 (11th Cir.2001). "In determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party." Perez, 774 F.3d 1329 at 1335 (*citing* Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir.1998)). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." Perez, 774 F.3d 1329 at 1335 (*citing* Stanton v.

Larsh, 239 F.2d 104, 106 (5th Cir.1956) (noting "[o]pinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit" (citation omitted)).

5. "To state a claim under the FDCPA, a plaintiff must plead: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" Bohringer v. Bayview Loan Servicing, LLC, 141 F. Supp. 3d 1229, 1235 (S.D. Fla. 2015) (*quoting* Bentley v. Bank of Am., N.A., 773 F.Supp.2d 1367, 1371 (S.D. Fla. 2011)). With respect to the matter at hand, Defendant's Motion focuses solely on the third element, in that, Defendant claims that it *has not engaged in an act or omission prohibited by the FDCPA*.

**DEFENDANT'S FIRST ARGUMENT, *THAT THE FDCPA DOES NOT PROHIBIT COLLECTION OF TIME-BARRED DEBTS*, IS COMPLETELY IRRELEVANT, AS PLAINTIFF DOES NOT ALLEGE THAT DEFENDANT IS *PER SE* PROHIBITED FROM COLLECTING TIME-BARRED DEBTS.**

6. In the Motion, Defendant attempts to frame the issue as simply whether attempting to collect time-barred debts, *in general*, violates FDCPA. *See* Motion at 7-8. Although both Plaintiff *and* the **Seventh Circuit** have deep concerns with the collection of time-barred debts, *see e.g.,* Pantoja v. Portfolio Recovery Assocs., LLC, 852 F.3d 679 (7th Cir. 2017) (discussed below), that is not a point of contention. Indeed, it is *possible* for a debt collector to *attempt* to collect time-barred debts from consumers without *automatically* violating the FDCPA – but, again, Plaintiff does not allege that attempting to collect time-barred debts is somehow tantamount to a *per se* violation of the FDCPA. Rather, the issues contested by Plaintiff focus on the manner in which Defendant attempts to collect the underlying time-barred debt. Holzman v. Malcolm S. Gerald & Assocs., Inc., 920 F.3d 1264, 1271 (11th Cir. 2019) ("a right to seek repayment does not confer a right to mislead."). Further to the extent that Defendant is attempting to escape liability by

arguing that the Collection Letter does "not contain an importer threat of legal action," Motion at 8, the Eleventh Circuit in Holzman disposed of this potential argument, stating, in relevant part:

> The language of the present collection letter contains an offer to "resolve" a time-barred debt, combined with a deadline to accept the reduced-payment offer and a warning that the offer might not be renewed if payment is not timely made. We conclude that this language, taken in its entirety, could plausibly deceive or mislead an unsophisticated consumer as to the legal status of the debt, even in the absence of an express threat of litigation.

Holzman, 920 F.3d 1264, 1272 (11th Cir. 2019). Plaintiff notes, however, that the Collection Letter does not contain an explicit deadline by which the least sophisticated consumer must accept the "resolution offer" contained in the Collection Letter, but such is not germane to this case as the Collection Letter, nevertheless, advises the least sophisticated consumer that Defendant "is not obligated to renew the offer." D.E. 1-3. This is bolstered by Defendant glossing over the fact that it, by and through the Collection Letter, was offering the least sophisticated consumer an opportunity to *settle* a time-barred debt. *See* Holzman, 920 F.3d 1264, 1272 (11th Cir. 2019) (noting the difference between offering to "resolve" a time-barred debt and "settle" a time-barred debt as merely "semantic"). Such is a point of contention which Plaintiff *does* raise in the Complaint, D.E. 1 at ¶ 44 ("the deceptive nature of the Collection Letter is compounded by the nefarious 'Resolution offer' that Defendant deceptively presents to the least sophisticated consumer without any drawbacks or downsides"), but which Defendant chooses not to address in the Motion.

   7.   Setting aside momentarily the fact that the Collection Letter mischaracterizes a *settlement offer* as a "resolution offer," as well as the fact that the Collection Letter seeks to *settle* a time-barred debt, the fact that the Collection Letter seeks to *settle* the underling debt for less than the full amount is significant and warrants clarity to avoid unlawfully misleading and/or deceiving

the least sophisticated consumer. Here, as alleged in the Complaint, the "resolution offer" is nefariously presented to the least sophisticated consumer as a windfall, in that, the least sophisticated consumer is wrongfully led to believe that the "resolution offer" is without any drawback or downside. But this is simply false. Defendant's "resolution offer" has many pitfalls and drawbacks.

8.      First, there is the obvious. The Collection Letter offers *settlement* of a time-barred debt without making clear that the underlying debt is *absolutely time-barred.* As discussed below in more detail, Defendant clearly states that it (Defendant) *cannot* sue while omitting such clarity with respect to the underlying creditor (in this case, LVNV Funding, LLC or "LVNV"). Defendant's decision to provide explicit guidelines for what it (Defendant) *cannot* do while remaining ambiguous with respect to what the *underlying creditor (LVNV) cannot do* is plainly deceptive and misleading. As such, the implication to the least sophisticated consumer is that the current creditor (LVNV) was *choosing* not to sue, while Defendant *cannot sue*. *See, e.g.,* McMahon v. LVNV Funding, LLC, 744 F.3d 1010, 1021 (7th Cir. 2014) (addressing a letter that offered to "settle" a debt and stating, "[t]he fact that both [ ] letters contained an offer of settlement makes things worse, not better, since a gullible consumer who made a partial payment would inadvertently have reset the limitations period and made herself vulnerable to a suit on the full amount. That is why those offers only reinforced the misleading impression that the debt was legally enforceable.").

9.      Second, there is the issue of settling the underling debt for less than the full amount. Settling a debt for less than the full amount is notated differently on a consumer's credit report than debts that are paid in full, whereby the former is more harmful to a debtor's credit than the latter. Further, when a debtor settles a debt for less than the full amount, the debtor is subject to

PAGE | **5** of **17**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

certain tax consequences, in that, depending how much less the underlying debt is settled for, the consumer will be taxed on the difference between the full amount and the settlement amount.

10.     Here, Defendant makes no effort to address its deceptive and misleading resolution offer in the Motion. Instead, Defendant simply stands upon the irrelevant fact that it is not *per se* unlawful to attempt to collect time barred debts from consumers. For the reasons noted above, for Defendant to portray the issue of whether the Collection Letter violates the FDCPA as a matter of law is simply not faithful of the least sophisticated consumer standard. Whether the Collection Letter is unlawfully misleading, deceptive, or false, in violation of § 1692e is plainly a question of fact for the jury.  Holzman, 920 F.3d 1264, 1269 (11th Cir. 2019) ("whether a representation made in a collection letter would be deceptive or misleading to the least-sophisticated consumer, or a collection practice would be unfair or unconscionable when applied to the least-sophisticated consumer, generally is a question of fact to be decided by a jury." (*citing* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1194 (11th Cir. 2010).

**AS HELD BY THE 11th CIRCUIT, WHETHER A COLLECTION LETTER VIOLATES THE FDCPA IS A CLEAR QUESTION OF FACT FOR THE *JURY* AND *NOT* A MATTER OF LAW FOR THE COURT TO DECIDE.**

11.     The Eleventh Circuit "employ[s] the "least-sophisticated consumer" standard to evaluate whether a debt collector's communication violates § 1692e of the FDCPA." LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193 (11th Cir. 2010). Defendant claims "*courts within the Eleventh Circuit routinely decide FDCPA claims based upon collection letters, like here, as a matter of law*." D.E. 17 at 6 (emphasis added). This is fundamentally false and a clear misrepresentation of precedent – and for that matter – a complete alienation of clear-cut purpose behind the least sophisticated consumer standard. As the Eleventh Circuit reiterated in LeBlanc v. Unifund CCR Partners:

> That law was not "made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking, and the credulous ..." and [t]he fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced. There is no duty resting upon a citizen to suspect the honesty of those with whom he transacts business. Laws are made to protect the trusting as well as the suspicious.

601 F.3d 1185, 1194 (11th Cir. 2010) (*citing* Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172-73 (11th Cir. 1985); *see also* LeBlanc, 601 F.3d 1185 at 1197 ("In Jeter, we explained that where the parties reasonably disagree on the proper inferences that can be drawn from the debt collector's letter, resolution is for the trier of fact—not for the court on summary judgment. For these reasons, this issue is one best submitted to the finder of fact." (citation omitted)); Newman v. Ormond, 456 Fed. Appx. 866 (11th Cir. 2012) (concluding that "where the parties agree on the basic facts of the case, but reasonably disagree upon the proper inferences to be drawn from the debt collector's actions, there exists a genuine issue of material fact that should be determined by the trier of fact and not by the court in a summary judgment context").

12. By way of example, in its Motion, Defendant deceptively couches Valle v. First Nat'l Collection Bureau, Inc., 252 F. Supp. 3d 1332 (S.D. Fla. 2017) as having granted a "*motion for judgment on the pleadings where plaintiff alleged defendant violated the FDCPA by sending a letter to collect a time-barred debt which misleadingly stated the creditor 'will not' sue for the debt.*" D.E. 17 at 6. Not surprisingly, Defendant conveniently *fails* to mention that the collection letter involved in Valle *also* contained the following disclosure which Judge Scola exclusively relied on in issuing his opinion: "**In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt**." Valle, 252 F. Supp. 3d 1332 at 1339

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(S.D. Fla. 2017) (emphasis added). This is a *far cry* from the content of Collection Letter. The Collection Letter in this case **did not** contain such a disclosure *which is exactly one of the reasons why Defendant violates the FDCPA in this case.*[2] Defendant wants this Court to simply ignore this *critical* factual distinction. Whether a collection letter violates the FDCPA is not a determination made in a vacuum. *See, e.g.,* LeBlanc, 601 F.3d 1185, 1195 (11th Cir. 2010) (analyzing the content of the applicable collection letter, *as a whole,* and in so doing, proffering hypothetically-unlawful interpretations, (as Plaintiff does in her Complaint in the case at bar), a reasonable juror applying the least sophisticated consumer may reach).

**DEFENDANT'S SECOND ARGUMENT, *THAT THE PHRASE "WILL NOT SUE" IS NOT MISLEADING,* IS ERRONEOUSLY NARROW AND PREMISED ON DISTORTED PRECEDENT. THE COLLECTION LETTER, VIEWED THROUGH THE LENS OF THE LEAST SOPHISTICATED CONSUMER, IS DECEPTIVE.**

13. In the Motion, Defendant erroneously narrows Plaintiff's allegations to the term "will not sue." D.E. 17 at 8. The allegations of the Complaint, and for that matter, the language of the Collection Letter goes much further. Here, the pointed excerpt from the Collection Letter is as follows: "**The law limits how long you can be used on a debt. Because of the agent of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency,**" and "**Radius Global Solutions is a collection agency. We do not sue people and we cannot and will not sue you on any account placed with our office**." D.E. 1 at ¶ 25 (emphasis added).

---

[2] As will be discussed further in this Response, in other collection letters mailed by Defendant in other attempts to collect time-barred debts from other consumers, Defendant **has** circulated letters that include these proper disclosures. Thus, for Defendant to argue that it did not violate the law in this case by omitting such disclosure is a clear example of Defendant talking from both sides of its mouth in order to win their Motion at any cost.

PAGE | **8** of **17**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

14. As alleged in the Complaint, *one* deceptive aspect of this language is that is causes the least sophisticated consumer to believe that "the creditor, LVNV, was **choosing** not to sue even though – in reality – the creditor **cannot** sue to collect the time-barred Consumer Debt." D.E. 1 at ¶ 41. In the Motion, Defendant attacks this argument without considering the significance of the statement in the Collection Letter "**Radius Global Solutions is a collection agency. We do not sue people and we cannot and will not sue you on any account placed with our office.**" Here, Defendant explicitly states that, not only will Defendant *not sue* to collect the underlying debt, but that Defendant *cannot* and will not sue. D.E. 1 at ¶ 41. Explicit emphasis on the fact that Defendant *cannot* sue adds significant credence to the fact that the Collection Letter causes the least sophisticated consumer to believe that the creditor, LVNV, was *choosing* not to sue. Simply put, because the Collection Letter says LVNV *will not* sue, while stating Defendant *cannot* sue, the least sophisticated consumer will believe LVNV had a choice in the matter – which is completely false. Clearly, Defendant takes efforts to plainly inform the least sophisticated consumer that Defendant will not and *cannot sue* but makes no effort to provide the same clarity with respect to the fact that that the creditor, LVNV, *also cannot* sue. *See* D.E. 1 at ¶¶ 25 & 41. It is unquestionable that the least sophisticated consumer (and perhaps even the *most sophisticated consumer*), upon a plain reading of the Collection Letter, can easily reach the *false* conclusion that LVNV could sue. Defendant's Motion warrants denial for this reason alone.

15. It is undeniable that "[t]he least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and **a willingness to read a collection notice with some care**." LeBlanc, 601 F.3d 1185, 1194 (11th Cir. 2010) (emphasis added). Thus, reading the Collection Letter with care leaves the least sophisticated consumer with only one *reasonable*, but false, interpretation, namely, that LVNV was merely *choosing* not to sue, whereas Defendant

was *completely* unable to sue. As such, Defendant's attempts to narrowly read the language of the Collection Letter in its Motion is a disingenuous attempt to obtain a ruling a matter of law falls flat when the Collection Letter is considered *as a whole*.

16.     As a side note, but important to the context of what is really going on here, Plaintiff would like to direct the Court to the Seventh Circuit's decision in Pantoja v. Portfolio Recovery Assocs., LLC, 852 F.3d 679 (7th Cir. 2017), whereby the court directly addressed the issues now before this Court and why debt collectors like Defendant need to be held accountable for their misleading statements . In relevant part, the Pantoja court encapsulated the matter before it as follows:

> The point of controversy here concerns efforts to collect consumer debts on which the statute of limitations has expired when the effort does *not* involve filing or threatening a lawsuit. Compare McMahon v. LVNV Funding, LLC, 744 F.3d at 1020 (7th Cir. 2014) (dunning letters offering to "settle" time-barred debts could violate Act by leading debtors to believe the debts were legally enforceable); Daugherty v. Convergent Outsourcing, Inc., 836 F.3d 507, 509 (5th Cir. 2016) (effort to collect is not automatically unlawful, but letter violates FDCPA if it could lead unsophisticated consumer to believe her time-barred debt is legally enforceable); and Buchanan v. Northland Group, Inc., 776 F.3d 393, 397 (6th Cir. 2015) (reversing dismissal on pleadings; offer to settle time-barred debt could violate Act by failing to disclose that suit would be time-barred or that partial payment would remove statute of limitations bar), with Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 33 (3d Cir. 2011) holding that attempt to collect a time-barred debt was permissible if litigation not threatened), and Freyermuth v. Credit Bureau Services, Inc., 248 F.3d 767, 771 (8th Cir. 2001) (same)

852 F.3d 679 at 683–84. In addressing this issue, the court – without provocation – opined that "the opportunities for mischief and deception, particularly when sophisticated parties aim carefully crafted messages at unsophisticated consumers, may well be so great that the better approach is simply to find that any such efforts violate the FDCPA's prohibitions on deceptive or misleading means to collect debts, § 1692e, and on 'unfair or unconscionable means' to attempt to collect

PAGE | **10** of **17**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

debts, § 1692f." Id. at 684. Though, the court noted that it could "decide [the] case on narrower grounds," as the "plaintiff [did] not argue for that broad rule."

17. So long as the collection of time-barred consumer debt is permissible, debt collectors will develop practices and techniques to circumvent such restrictions. Collecting time-barred debts offers debt collectors too alluring of an opportunity. A time-barred debt can be purchased for a miniscule fraction of its face value (literal pennies on the dollar), thereby making the potential profit so high that the punishment for engaging in deceptive and/or unfair collection practices, i.e., being sued by the debtor, as is the case here, is an easily tolerable and calculated cost-of-business for debt collectors.

18. Shifting back to Pantoja, the Seventh Circuit, after having served both the facts and law, affirmed the district court's summary judgment for the plaintiff, stating:

> We agree with the district court's two reasons for finding that the dunning letter here was deceptive. First, the letter does not even hint, let alone make clear to the recipient, that if he makes a partial payment or even just a promise to make a partial payment, he risks loss of the otherwise ironclad protection of the statute of limitations. Second, the letter did not make clear to the recipient that the law prohibits the collector[3] from suing to collect this old debt. Either is sufficient reason to affirm summary judgment for the plaintiff.

Pantoja, 852 F.3d 679 at 684.

19. As such, Defendant violated § 1692e of the FDCPA by failing to sufficiently inform the least sophisticated consumer that the underlying debt was *absolutely* time-barred and that the creditor, LVNV, **cannot** sue, and by failing inform the least sophisticated consumer, whatsoever, that the underlying debt can *potentially* be revived if, *for example*, the consumer agreed to the "**Resolution Offer**" contained in the Collection Letter.

---

[3] Here, the Collection Letter does not make clear that the law prohibits the *creditor* from suing to collect the time-barred debt. Notwithstanding this distinction, the principle is the same.

**DEFENDANT'S THIRD ARGUMENT,** *THAT DEBT COLLECTORS ARE NOT REQUIRED TO INCLUDE A DISCLOSURE INFORMING THE CONSUMER THAT PARTIAL PAYMENT MAY REVIVE THE STATUTE OF LIMITATIONS***, JUST AS WITH DEFENDANT'S PORTRAYAL OF** <u>VALLE</u>**, IS PREMISED ON DISTORTED AND CLEARLY DISTINGUISHABLE PRECEDENT**

20.  Just as with Defendant's dishonest presentation of <u>Valle</u>, Defendant continues the same practice in its portrayal of <u>Madinya v. Portfolio Recovery Assocs., LLC</u>, No. 18-CV-61138, 2018 WL 6590829 (S.D. Fla. Dec. 14, 2018). In particular, Defendant couches <u>Madinya</u> as "*granting motion for judgment on the pleadings where plaintiff alleged defendant violated the FDCPA by sending a letter to collect a time-barred debt without disclosing partial payment may revive the statute of limitations*." <u>D.E. 17</u> at 6 (emphasis added). In particular, what Defendant *fails* to mention is that, not only did the plaintiff in <u>Madinya</u> **explicitly plead** the underlying collection letter as *deceptive as a **matter of law***, but most critically, the plaintiff's "only pled theory [was] based upon an incorrect statement of law." <u>Madinya</u>, 2018 WL 6590829, at *3 (S.D. Fla. Dec. 14, 2018).

21.  Here, contrary to Defendant's reading of the Complaint, Plaintiff does not claim that, under Florida law, a mere partial payment will revive the underlying debt. What Plaintiff *does* alleged is that "[t]he Collection letters does not inform the least sophisticated consumer that if the consumer made, or even agreed to make, a partial payment towards Consumer Debt, the consumer **could** restart the clock on the long-expired statute of limitations, in effect brining a long-dead debt back to life" <u>D.E. 1</u> at ¶ 42. Practically speaking, Plaintiff *does not* allege that partial payment will revive the underlying debt pursuant any specific state's laws because it remains uncertain whether the laws of Florida govern the underlying debt.

22.  Make no mistake, the underlying debt *is* time-barred under Florida law, *see* <u>D.E. 1</u> at ¶ 21, but the note underlying the debt can, and for all intents and purposes, most likely *does*,

PAGE | 12 of 17

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

provide that the underlying debt is governed by the laws of a specific state, and whether that state is Florida, or potentially the laws of another state more favorable to the creditor (as is typically the case), is a factual matter not yet resolved. This breathes further rational as to why it is important for collection letters to inform the least sophisticated consumer of the potential pitfalls of a payment on a time-barred debt. In fact, as touched on in Footnote 3 *supra*, despite Defendant's claims that "debt collectors are not include a disclosure informing the consumer that partial payment may receive the statute of limitations," Defendant's has **taken it upon itself** to provide such disclosures in *other collection letters* it sends to consumers in an attempt to collect *time-barred* debts. For example, below is an excerpt of *another* collection letter, , mailed by Defendant in an attempt to collect a time-barred debt:

> Due to the age of your account, ▮▮▮▮▮ is not able to file suit against you but if you take specific action such as making a payment or making a written promise to pay, the time for filing a suit will be reset. We would like to work with you to resolve your account balance.

To the extent this Court desires to consider matters beyond the pleadings, the undersigned is more than willing to provide the complete version on the collection letter from which the above except is derived.

23. Clearly, Defendant is capable of providing the least sophisticated consumer with more information with respect to the pitfalls associated with making a payment on time-barred debts, but Defendant simply *chose* not to do so in the case at bar. While Plaintiff cannot reach into the mind of Defendant, it can only be speculated that it is simply easier for Defendant to mislead the least sophisticated consumer than to provide the least sophisticated consumer with enough information to make an informed decision.

24. Despite Defendant's best efforts to contort the allegations of the Complaint to fit its unfaithful portrayal of precedent, the allegations of the Complaint, and for that matter, the

complained of portions of the Collection Letter, the Collection Letter creates clear factual issues which *only* a reasonable juror applying the least sophisticated consumer may resolve. *See* Michael v. HOVG, LLC, 232 F. Supp. 3d 1229, 1237 (S.D. Fla. 2017) (the "least sophisticated consumer analysis is best left to a jury" (*quoting* LeBlanc, 601 F.3d at 1195)).

**DEFENDANT'S UNFAITHFUL PORTRAIT OF RELEVANT AUTHORITY WAS ADDRESSED BY JUDGE CECILIA M. ALTONAGA IN GOMEZ v. PORTFOLIO RECOVERY ASSOCIATES, LLC**

25.     In Gomes v. Portfolio Recovery Assocs., LLC, No. 18-21872-CIV, 2018 WL 4179059 (S.D. Fla. Aug. 22, 2018) Judge Altonaga tackled the matter before this Court head-on. In Gomes, the court considered a collection letter which: (1) attempted to collect a time-barred debt; (2) contained the disclosure that "*The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it*;" (3) *did not* inform the least sophisticated consumer that partial payment could renew the statute of limitations; and (4) contained offers to settle the underling debt for less than the full amount. Gomes, 2018 WL 4179059, at *1 (S.D. Fla. Aug. 22, 2018).

26.     Just as Defendant does here, the court noted that, "[a]ccording to [the defendant], several courts have found no reasonable jury could conclude the least sophisticated consumer would be misled by language identical to that of [the defendant's collection letter]. But [the defendant] misrepresents the underlying facts and holdings of many of the cases it relies on." Gomes, 2018 WL 4179059, at *3 (S.D. Fla. Aug. 22, 2018). Just as the Defendant here misrepresents Valle, so did the defendant in Gomes. In fact, much of the authority which Defendant proffers in support of its Motion was similarly distorted by the defendant in Gomes. *See* 2018 WL 4179059, at *3-5 (S.D. Fla. Aug. 22, 2018). The notable diction between the immediate action and *the (i.e.,* 2018 WL 4179059) opinion issued in Gomes, however, is that Judge Altonaga was

considering the matter within the confines of a motion to dismiss. Gomes, 2018 WL 4179059, at *5 (S.D. Fla. Aug. 22, 2018 ("Viewing the facts in the light most favorable to Plaintiff, the Court finds Plaintiff presents a plausible claim under the FDCPA by alleging the Collection Letter would mislead the least sophisticated consumer into taking action that would serve to restart the statute of limitations. [citations omitted]. Consequently, the Court will not decide whether the Collection Letter is false, deceptive, or misleading at the motion to dismiss stage. *See LeBlanc*, 601 F.3d at 1197.").

27. However, this distinction between the Gomes opinion and that which is before this Court is disposed of in light of Judge Altonaga's subsequent order *denying Defendant's Motion for Summary Judgment. See* Gomes v. Portfolio Recovery Assocs., LLC, No. 18-21872-CIV, 2019 WL 3890324, at *4 (S.D. Fla. May 7, 2019). The reasoning and logic presented by Judge Altonaga decision in *denying* summary judgment, without question, speaks to the *heart* of the least sophisticated consumer standard, and in light of the nearly identical facts of Gomes and the immediate action case at bar, Plaintiff, respectfully, urges this Court to follow:

> As the Court stated in its earlier Order on Defendant's Motion to Dismiss, the "*issue presented is one of fact*: whether Defendant's act of sending the Collection Letter in an attempt to enforce a debt was sufficiently confusing to imply a legal right existed when Defendant knew it did not." This factual issue remains in dispute — the record contains evidence of the parties' disagreements regarding the effects of the Collection Letter, including whether it implies a legal right to collect on the debt. *As noted, resolution of such a dispute "is for the trier of fact — not for the [C]ourt on summary judgment*." LeBlanc, 601 F.3d at 1197 (alteration added); *see also* Newman v. Ormond, 456 F. App'x 866, 868 (11th Cir. 2012) ("[W]here the parties agree on the basic facts of the case, but reasonably disagree upon the proper inferences to be drawn from the debt collector's actions, there exists a genuine issue of material fact that should be determined by the trier of fact and not by the court in a summary judgment context."

Gomes, 2019 WL 3890324, at *5 (S.D. Fla. May 7, 2019) (internal citation omitted) (emphasis added).

## CONCLUSION

28. Defendant's Motion seeks to have this Court issue a ruling *as a matter of law* on issues reserved for a jury. *See* LeBlanc, 601 F.3d 1185 at 1197 ("In Jeter, we explained that where the parties reasonably disagree on the proper inferences that can be drawn from the debt collector's letter, resolution is for the trier of fact—not for the court on summary judgment. For these reasons, this issue is one best submitted to the finder of fact." (citation omitted)); Newman v. Ormond, 456 Fed. Appx. 866 (11th Cir. 2012) (concluding that "where the parties agree on the basic facts of the case, but reasonably disagree upon the proper inferences to be drawn from the debt collector's actions, there exists a genuine issue of material fact that should be determined by the trier of fact and not by the court in a summary judgment context"). To accomplish this, Defendant's distorts the underlying facts of cases within this district to manufacture precedent. *See, e.g.,* D.E. 17 at 9 (misrepresenting the disclosures considered in Valle as being tantamount to that of the instant action). This is just as the defendant did in Gomes 2018 WL 4179059, at *3 (S.D. Fla. Aug. 22, 2018) ("Defendant misrepresents the underlying facts and holdings of many of the cases it relies on."). Despite Defendant's efforts, whether the Collection Letter violates § 1692e, § 1692e(2)(A), § 1692e(5), § 1692e(10), and/or § 1692f of the FDCPA are clear questions of fact which must be left for the jury to resolve through the lens of the least sophisticated consumer.

WHEREFORE, for the reasons noted above, Plaintiff, respectfully, asks this Court to *deny* Defendant's Motion for Judgment on the Pleadings, award Plaintiff attorneys fees and costs in responding to Defendant's frivolous arguments, order Defendant to respond to Plaintiff's outstanding discovery requests, and provide any further relief this Court deems just and proper.

DATED: September 11, 2019

        Respectfully Submitted,

        /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:    855-529-9540

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 11, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

    /s/ Thomas J. Patti    .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377