**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 0:19-cv-61375-RAR

VILMA REYES, individually and on
behalf of all those similarly situated,

      Plaintiff,

v.

RADIUS GLOBAL SOLUTIONS LLC,

      Defendant.
_____/

## DEFENDANT, RADIUS GLOBAL SOLUTIONS LLC'S, REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant, Radius Global Solutions LLC (RGS), through counsel and under the Federal Rules of Civil Procedure and L.R. 7.1(c), hereby files this reply in support of its motion for judgment on the pleadings (Doc. 17) and states:

**A.** *This Court Should Find in Favor of RGS as a Matter of Law.*

Plaintiff argues whether the least sophisticated consumer would be misled by RGS's letter is an issue for the jury.  "However, the [least sophisticated consumer] test has an objective component in that '[w]hile protecting naïve consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness.'" *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)); *Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008) ("least-sophisticated

1

consumer" standard is an objective test); *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85 (2d Cir.) (same)). Accordingly, the determination of whether a plaintiff alleges sufficient facts to state a claim under § 1692e is a question of law for the Court. *Madinya v. Portfolio Recovery Associates, LLC*, 2018 WL 6590829, *3 (S.D. Fla. Dec. 14, 2018); *see also, e.g., Carbonell v. Weinstein Pinson & Riley, P.S.*, 2014 WL 2581043, *3 (S.D. Fla. May 30, 2014) ("The application of the least sophisticated consumer standard . . . to § 1692e is a question of law.") (*citing Jeter v. Credit Bureau*, 760 F.2d 1168, 1174–75 (11th Cir. 1985)).

Plaintiff's reliance on *LeBlanc* is misplaced. *LeBlanc*, stands only for the proposition that "where the parties ***reasonably disagree*** on the ***proper inferences*** that can be drawn from the debt collector's letter, resolution is for the trier of fact—not for the court on summary judgement." *Id.* at 1197 (emphasis added). The relevant issue before the court was whether the debt collector violated the FDCPA by improperly threatening to file suit against the consumer while not properly licensed. *Id.* at 1189. The letter at issue was sent by the debt collector's legal department and stated:

> If we are unable to resolve this issue within 35 days we may refer this matter to an attorney in your area for legal consideration. If suit is filed and if judgment is rendered against you, we will collect payment utilizing all methods legally available to us subject to your rights below.

*Id.* at 1188.[1] In reviewing the trial court's award of summary judgment in favor of debtor-plaintiff, the Eleventh Circuit found "a reasonable juror could find the dunning letter was

---

[1] The issue in *LeBlanc* did not concern a time-barred debt. *Id.* at 1189. Rather, because the defendant had failed to register as an "out-of-state consumer collection agency" with the State of Florida as required by

2

more informative than threatening and did not threaten imminent legal action," but "could also view this letter as either an overt or thinly-veiled threat of suit." *Id.* at 1196. Specifically, because the letter included conditional language such as "if" and "may" throughout followed by a shift in tone "to more forceful language" such as "will," there was a "reasonable disagreement" on the "proper inferences" that could be drawn from the language that should have been resolved by the trier of fact. *Id.* Accordingly, the Eleventh Circuit reversed the summary judgment and remanded the case for trial.

While in *Gomes*, Judge Altonaga also found whether the debt collector's letter was misleading was an issue for the trier of fact, Judge Altonaga's decision is distinguishable for several reasons. *Gomes v. Portfolio Recovery Associates, LLC*, 2018 WL 4179059, *3 (S.D. Fla. Aug. 22, 2018). First, the letter at issue was materially different. *Id*. For example, the letter included multiple payment options, a payment deadline in bold and caps, and other language the court found confusing. *Id*. Second, Judge Altonaga was not presented with the most compelling or on-point caselaw and devoted much of her order to distinguishing the case law presented by the defendant.[2] *Id*. Indeed, her order included very little analysis of the language from the letter at issue. Ultimately, Judge Altonaga held the parties "disagree[d] on the proper inferences that [could] be drawn' from the Collection

---

the Florida Consumer Collection Practices Act, Fla. Stat. Section 559.553, the district court determined the defendant could not legally sue plaintiff; thus, the district court held the letter made an improper threat of legal action the defendant could not legally take in violation of the FDCPA. *Id.*

[2] The majority of the decisions reviewed by Judge Altonaga are from district courts outside the Eleventh Circuit. 2018 WL 4179059 at *4. Judge Altonaga did not have the benefit of reviewing the entirety of the landscape of cases within the Eleventh Circuit that have now been decided *as a matter of law* on these issues. *See generally* Motion at PP. 6–7.

Letter, or whether the language of the Collection Letter is confusing to the least sophisticated consumer; as such 'resolution is for the trier of fact—not for the Court.'" *Id*.

Here, however, unlike in *LeBlanc* and *Gomes*, RGS's letter is clear on its face and is subject to only ***one*** reasonable interpretation.  RGS's letter unambiguously states the creditor "will not sue" for the debt and "will not report it to any credit reporting agency," and that RGS "do[es] not sue people" and "cannot and will not sue" on any account placed with RGS.  Doc. 1 at Ex. A.  To be sure, the least sophisticated consumer could not possibly be confused about the consequence of failing to make a payment or making only a partial payment, because there is no reasonable interpretation or inference from this language other than that *neither* the creditor *nor* RGS will sue plaintiff under any circumstances.  Indeed, following *Gomes*, Judge Bloom reviewed a nearly identical letter to the letter at issue in *Gomes,* and agreed the plaintiff's FDCPA claims based upon even that letter were subject to dismissal as a matter of law.  *Madinya v. Portfolio Recovery Associates, LLC*, Case No. 18-cv-61138, 2018 WL 6590829, *1 (S.D. Fla. Dec. 14, 2018).

**B.**     ***Plaintiff's Reliance on Pantoja is Misplaced***.

Although somewhat unclear, plaintiff apparently relies on the 7th Circuit's decision in *Pantoja* to support her argument that it was somehow confusing for RGS to state it "would not sue" her.  *See Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679 (7th Cir. 2017).  However, several courts within this circuit have considered and rejected the court's rationale in *Pantoja*, and this Court should as well.  *See, e.g.*, *Cooper v. Midland Credit Management, Inc.*, 2018 WL 6517448, *4 (M.D. Ga. Dec. 11, 2018) (finding "the Seventh Circuit disregarded the debt collector's express statement that it would not sue the

4

consumer for the debt, and that is where the Court disagrees with the rationale of *Pantoja*."); *Trichell v. Midland Credit Management, Inc.*, 2018 WL 4184570, *4 (N.D. Ala. Aug. 31, 2018); *Smith v. Portfolio Recovery Associates, LLC*, 2019 WL 2236264, (M.D. Ga. May 23, 2019); *see also Holzman v. Malcolm S. Gerald & Associates, Inc.*, 920 F.3d 1264 (11th Cir. 2019) (rejecting *Pantoja* on other grounds).

Unlike in *Pantoja*, in *Cooper* and *Trichell*, the debt collectors included statements that *the law limits how long the debtor could be sued*, followed by their statements that the creditor will not sue the debtor. The *Cooper* court explained the relevance of this important distinction:

> By contrast, in this case, the collection letters include a sentence stating that the law limits how long a debtor can be sued on a debt. This sentence draws a connection between the legal unenforceability of the debt and the debt collector's promise not to sue. *Cf. Buchanan*, 776 F.3d at 400 (suggesting in dicta that including language stating that "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, [the debt collector] will not sue you for it" would correct "any possible misimpression by unsophisticated consumers"). Accordingly, unlike in *Pantoja*, the collection letters here do not deceptively or misleadingly imply that the debts are legally enforceable.

Here, like in *Trichell* and *Cooper*, RGS stated, "the law limits how long you can be sued on a debt. Because of the age of your debt," the creditor will not sue you for it. RGS's letter is not confusing or misleading.

C.   *RGS Has No Obligation to Include a Partial Payment Disclosure in Its Letters*.

Plaintiff argues RGS could have avoided liability by including a disclosure "that the underlying debt can *potentially* be revived if, *for example*, the consumer agreed to the

5

**"Resolution Offer"** contained in the Collection Letter." Response at P. 11 (emphasis in original). However, plaintiff's own proposed language only serves to highlight the pitfalls of including such a disclosure.

Plaintiff's proposed disclosure language is exactly the type of statement that would violate the FDCPA. First, it contains several conditional words that the *LeBlanc* Court warned would cause multiple inferences. *LeBlanc*, 601. F.3d at 1196. Second, simply taking advantage of the "Resolution Offer" presented in the letter *would not* revive the statute of limitations under Florida law, so including such a warning would be false. *Madinya*, 2018 WL 6590829 at *3. Finally, including only one example of how the statute of limitations *might* be revived would leave the language open to multiple interpretations because the least sophisticated consumer would be left wondering about the consequences of paying less than or more than the resolution offer presented.[3] *Gomes*, 2018 WL 4179059 at *4.

As the court recognized in *Cooper*, even *if* partial payment alone *could* revive the statute of limitations under Florida law, the fact RGS has explicitly stated the creditor __will not sue__ is viewed as a promise and, thus, RGS had no further obligation to disclose the possible effects of a partial payment. *Cooper*, 2018 WL 6517448 at *4 ("It is difficult to

---

[3] Moreover, collection agencies may not provide legal advice to consumers, or they would be engaging in the unlicensed practice of law. *See, e.g. Landes v. Cavalry Portfolio Services, LLC*, 774 F. Supp. 2d 800, 806 (E.D. Va. 2011) ("tasking [debt collectors] with interpreting the complex provisions of the federal tax code and then applying its interpretations to the varying circumstances of individual consumers like Landes would constitute the unauthorized—and potentially criminal—practice of law."); *see also The Florida Bar v. Rapoport*, 845 So. 2d 874, 877 (Fla. 2003) ("giving of legal advice" is the practice of law); *see also The Florida Bar v. Schramek*, 616 So. 2d 979, 984 (Fla. 1993) (non-lawyer who "provides legal advice regarding . . . the appellate process" engaged in unauthorized practice of law.).

see the harm in requesting a voluntary payment of a debt that is time-barred but not extinguished if (1) the consumer is informed (as Cooper was) that the debt is time-barred and (2) the debt collector has promised not to sue the consumer on the debt and would thus violate that promise if it used the partial payment to restart the statute of limitations and sue the debtor."); *see also* Motion at PP. 14–15.  If RGS had stated both RGS and the creditor will not sue, then followed with "but a partial payment may revive the statute of limitations"—this could create multiple inferences and confuse the least sophisticated consumer.  *LeBlanc*, 601 F.3d at 1196–97.  And, because one of the *possible* interpretations of the proposed disclosure—that a partial payment would *in fact* revive the statute—is actually **_false_** under Florida law, that type of disclosure would violate the FDCPA.  *See* 15 U.S.C. § 1692e; Fla. Stat. § 95.04.

Simply put, RGS explicitly promised neither it nor the creditor would sue plaintiff.  RGS was not obligated to make any further disclosures.

**D.**  **_This Court Must Disregard Plaintiff's Allegations And Evidence Outside the Pleadings_.**

In a Hail Mary attempt to argue RGS has somehow violated the FDCPA despite the clear time-barred debt disclosures provided in its letter, plaintiff argues new theories of liability and evidence the Court cannot consider at this stage.  In her Response, plaintiff *for the first time* alleges

> Settling a debt for less than the full amount is notated differently on a consumer's credit report than debts that are paid in full, whereby the former is more harmful to a debtor's credit than the latter.  Further, when a debtor settles a debt for less than the full amount, the debtor is subject to certain tax consequences, in that, depending how much less the

7

>> underlying debt is settled for, the consumer will be taxed on the difference between the full amount and the settlement amount.

Doc. 1 at PP. 5–6. New allegations may not be considered in a response to a motion to dismiss.

Regardless, plaintiff's new allegation fails because RGS's letter explicitly stated the account would *not* be reported to any credit reporting agency. Doc. 1 at Ex. A. For the same reasons RGS is not obligated to include a partial payment disclosure, RGS was also not required to inform plaintiff of potential credit reporting consequences that *would not happen* in this instance.

Plaintiff also attempted to introduce extraneous evidence the Court cannot consider here. Plaintiff included an excerpt taken out of context from a letter plaintiff alleges RGS sent to a different consumer regarding a different debt in an apparent attempt to demonstrate RGS uses what the plaintiff considers to be "proper" disclosure in other letters. Response at P. 13. However, that letter was not presented in its whole form, was not attached to the complaint, and was possibly sent to a consumer residing in a different state under different state laws. The only issue before this Court is whether RGS's letter attached to plaintiff's Complaint violates the FDCPA. This issue can be, and should be, decided as a matter of law in favor of RGS.

WHEREFORE, Defendant, Radius Global Solutions LLC, respectfully requests this Court enter an order granting Defendant's Motion for Judgment on the Pleadings, dismissing plaintiff's Complaint with prejudice, and entering judgment in favor of RGS, and for such other relief as this Court deems proper.

Dated: September 18, 2019

Respectfully submitted,

*/s/ Ashley Wydro*
Ashley Wydro, Esq.
Florida Bar No. 0106605
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
Telephone: (813) 440-5327
Facsimile: (877) 334-0661
awydro@sessions.legal
dvanhoose@sessions.legal

*Attorneys for Defendant,
Radius Global Solutions LLC*

## CERTIFICATE OF SERVICE

I certify that on this 18th day of September 2019, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below.

Jibrael S. Hindi, Esq.
Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
jibrael@jibraellaw.com

*/s/ Ashley Wydro*
Attorney