# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger

Civil Action No. 18-cv-02790-MSK-KMT

JOHN P. WILL,

     Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

     Defendant.

---

### OPINION AND ORDER GRANTING MOTION TO DISMISS

---

     **THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Dismiss

Plaintiff's Class Action Complaint **(#25)**, to which the Plaintiff failed to file a timely response.[1]

For the reasons that follow, the motion is granted.

---

[1]     Defendant filed its motion to dismiss on January 23, 2019 **(#25)**. Thus, Plaintiff's Response was due on or before February 13, 2019. The Court then granted Plaintiff two extensions of time to file a response to the motion to dismiss. **(#31 and #33)**. Upon granting the second request for an extension of time, the Court advised Plaintiff that his Response was due not later than March 6, 2019 and no further extensions of time would be granted. **(#33)**. In lieu of a Response, on March 7, 2019, Plaintiff filed a Motion for Leave to File First Amended Complaint **(#35)**, which the Court denied for failure to comply with Local Rule 7.1. **(#36)**. Rather than refiling a compliant motion, Plaintiff merely attempted to cure the 7.1 defect by filing a document entitled "Certificate of Compliance." **(#37)**. Thus, there is no pending motion to amend the complaint. However, even if there was, it would have been filed after the deadline set forth in the Scheduling Order **(#28)** for amendment (March 1, 2019), so it must be supported by good cause under Rule 16(b)(4). The "good cause" standard requires the moving party to show that despite its diligent efforts, it could not have reasonably met the scheduled deadline. *See Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001). Here, the grounds stated by counsel (primarily "press of other business") do not constitute good cause. *See* e.g. Judge Krieger's Civil Practice Standards 6.1(b). Accordingly, because the Plaintiff has not shown good cause, the motion to amend the complaint would be denied in any event. However, for purposes of this Opinion, the Court considers the Plaintiff's motion to amend the complaint to the extent it bears on any issues raised in the pending motion to dismiss.

## I.  JURISDICTION

The Court exercises jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## II.  FACTS

The facts, as recited in Plaintiff John Will's ("Mr. Will") Complaint (**#1**), are straightforward.  At some point in time, Mr. Will defaulted on his debt in the amount of $7,084.52 to Bank of America.  (**#1 at ¶ 1**).  Bank of America sold Mr. Will's debt to Defendant Portfolio Recovery Associates, LLC ("PRA").

In an attempt to collect the debt, on March 13, 2018, PRA sent Mr. Will a letter ("Collection Letter").[2]  (**#1 at ¶ 2**).  The Collection Letter stated that PRA is a debt collector and that Mr. Will owed a debt in the amount of $7,084.52.  (**#1 at 1-2**).  The Collection Letter offered several options for Mr. Will to repay the debt including a 1-Month, a 12-Month, or a 24-Month payment plan.  (**#1 at 1-2**).  Due to the age of the debt and the fact that it is was beyond the applicable statute of limitations for any debt collection lawsuit, PRA's Collection Letter provided  the following disclosure, "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it." (**#1 at 1-2**).  Mr. Will did not make any payments to PRA, and instead, he sued them for sending the Collection Letter.

The Complaint alleges that the "State of Colorado has a statute of limitations that applies to prohibit the filing of lawsuits more than six years after the last payment made by a person," and that when the Collection Letter was sent to Mr. Will, the applicable statute of limitations had expired on the subject debt.  (**#1 at ¶¶ 5-6**).  Mr. Will alleges that because his last payment on

---

[2]     Mr. Will attached the March 13, 2018 Collection Letter to his Complaint.  Thus, the Court will consider the Collection Letter as it is both referenced in multiple paragraphs of the operative Complaint and is central to Mr. Will's claims.  *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co*., 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

the subject debt "was more than six years from the date of the Collection Letter," he had "no

legal responsibility" to repay the debt.

In addition, the Complaint alleges that the Collection Letter's disclosure language

violates the Fair Debt Collection Practices Act ("FDCPA") because it "falsely represents the

character and legal status of the Subject Time-Barred Debt," and unfairly fails to inform Mr.

Will that "choosing any of the repayment options would restart the statutory period for another

creditor or debt collector if the debt were to be sold." **(#1 at ¶¶ 8-12)**. The Complaint further

alleges that the Collection Letter is "intentionally deceptive and confusing to consumers and [is]

designed to induce payment on debts that are time-barred." **(#1 at ¶63)**.

Mr. Will now brings the following claims against PRA on behalf of himself and others

similarly situated based on the March 13, 2018 Collection Letter: (1) an individual claim for a

violation of sections 1692e and 1692f of the FDCPA and (2) the same claim for a violation of

sections 1692e and 1692f of the FDCPA on behalf of a putative class of Colorado residents. **(#1**

**at ¶¶ 75-112)**.

### III.   LEGAL STANDARD

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all

well-pleaded allegations in the Complaint as true and view those allegations in the light most

favorable to the nonmoving party. *Stidham v. Peace Officer Standards & Training*, 265 F.3d

1144, 1149 (10th Cir. 2001) (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d

1226, 1236 (10th Cir. 1999)). The Court must limit its consideration to the four corners of the

Complaint, any documents attached thereto, and any external documents that are referenced in

the Complaint and whose accuracy is not in dispute. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275

(10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

A claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To make such an assessment, the Court first discards those averments in the Complaint that are merely legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678-79. The Court takes the remaining, well-pleaded factual contentions, treats them as true, and ascertains whether those facts (coupled, of course, with the law establishing the requisite elements of the claim) support a claim that is "plausible" or whether the claim being asserted is merely "conceivable" or "possible" under the facts alleged. *Id.* What is required to reach the level of "plausibility" varies from context to context, but generally, allegations that are "so general that they encompass a wide swath of conduct, much of it innocent," will not be sufficient. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

Additionally and relevant here, the Court may not grant a motion to dismiss for failure to state a claim simply because a party failed to file a response. Rather, the Court "must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa v. Comp USA*, 354 F.3d 1174, 1178-79 (10th Cir. 2003).

## IV. DISCUSSION

PRA moves to dismiss **(#25)** all of Mr. Will's FDCPA claims, arguing they are legally insufficient on two grounds: (1) the section 1692e claim fails as a matter of law because the disclosure language set forth in the Collection Letter—"[t]he law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it"—is accurate,

unequivocal, and conveys that Mr. Will will not be sued on the timebarred subject debt and (2)
the section 1692f claim fails as a matter of law because under Colorado law, a timebarred debt
cannot be revived based on making a partial debt payment, thus, Mr. Will could not have been
misled by the omission of language in the Collection Letter regarding the potential reviving of
the statute of limitations.

### A.  The FDCPA

The FDCPA was created in part to "eliminate abusive debt collection practices by debt
collectors."  15 U.S.C. § 1692e; *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002).  It
expressly prohibits debt collectors from using "any false, deceptive, or misleading representation
or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  The statute also
prohibits the false representation of the "character, amount, or legal status of any debt," the
"threat to take any action that cannot legally be taken or that is not intended to be taken," and
"[t]he use of any false representation or deceptive means to collect or attempt to collect any debt
or to obtain information concerning a consumer."  *Id*. at §§ 1692e(2)(A), (5), and (10).  The
FDCPA also contains a catchall provision that prohibits debt collectors from using "unfair or
unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  The
FDCPA provides for statutory damages of $1000, as well as costs and attorney fees, in case of
violation, regardless of whether a plaintiff has shown any actual damage.  15 U.S.C. § 1692k.

### 1.  Violation of § 1692e.

In order to state a claim for a violation of § 1692e of the FDCPA, Mr. Will must show
that (1) he is a "consumer" within the meaning of 15 U.S.C. § 1692a(3); (2) his debt arises out of
a transaction entered into primarily for personal, family, or household purposes, 15 U.S.C. §
1692a(5); (3) PRA is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), and (4)

PRA, through its acts or omissions, violated § 1692e of the FDCPA.  *See Maynard v. Cannon*, 401 F.App'x 389, 393 (10th Cir. 2010); *Nikkel v. Wakefield & Associates, Inc.*, No. 10-cv-02411-PAB-CBS, 2012 WL 5571058, at *10 (D. Colo. Nov. 15, 2012).  As to the first three elements, there is no dispute that Mr. Will sufficiently alleges that he is a consumer whose debt arises out of a personal transaction, and PRA is a debt collector.  Thus, the Court focuses on the disputed fourth element—whether Mr. Will alleges that PRA used "any false, deceptive, or misleading representation or means in connection with the collection" of the subject debt when it stated in its Collection Letter that "[t]he law limits how long you can be sued on a debt.  Because of the age of your debt, we will not sue you for it."  § 1692e; **(#1 at 1-2)**.

The Tenth Circuit has recognized that other circuit courts of appeal have applied the "least sophisticated consumer" standard in evaluating whether a collection letter violates § 1692e.  *See Ferree v. Marianos*, 129 F.3d 130, 1997 WL 687693, at *1 (10th Cir. Nov. 3, 1997); *Fouts v. Express Recovery Services, Inc.*, 602 F.App'x 417, 421 (10th Cir. 2015); *Cloman v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).  The least sophisticated consumer standard protects all "consumers, even the naive and the trusting, against deceptive debt collection practices, and . . . protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices."  *Cloman*, 988 F.2d at 1320.  Although the Tenth Circuit has not expressly adopted the least sophisticated consumer standard, given the fact that numerous other circuits have applied the standard and the FDCPA is a remedial statute that "should be construed liberally in favor of the consumer," *Johnson*, 305 F.3d at 1117, the Court applies the standard in this case.  However, this does not mean that debt collectors may be held liable for "unreasonable misinterpretations."  *Cloman*, 988 F.2d at 1319.

The Court applies Colorado law to Mr. Will's credit card agreement and the subsequent debt collection efforts.[3]  Pursuant to Colorado law, a six-year statute of limitations applies to all actions to recover a debt.  Colo. Rev. Stat. § 13-80-103.5.  Here, the parties agree that the six-year time period to sue for collection of Mr. Will's debt had expired by the time PRA sent its March 2018 Collection Letter.  PRA's Collection Letter provides in relevant part, "[t]he law limits how long you can be sued on a debt.  Because of the age of your debt, we will not sure you for it."  **(#1 at 1-2)**.  Mr. Will alleges that this language is false, deceptive, misleading, and confusing because it does not make clear that he cannot be sued on the timebarred debt and led him to believe that "[PRA] could change its mind and sue him for the debt."  **(#1 at ¶¶ 9-11, 80)**.  He alleges "[t]hese omissions were deceptive because [they] are designed to coerce payment on a debt that cannot legally be enforced."  **(#1 at ¶¶ 39, 82)**.

Mr. Will offers no controlling authority (and case law from other jurisdictions seems to suggest otherwise) in support of his contention that the Collection Letter's phrase, "we will not sue you," is false, inaccurate or misleading.  Even the least sophisticated consumer would conclude that this unambiguous language means what it says—that PRA will not, and moreover cannot, sue Mr. Will his debt.  Any other interpretation is both unreasonable and borders on the preposterous.  It is totally unsupported by the facts alleged.  There is no showing that PRA had a present intent to act contrary to the representation made.

---

[3]     The underlying credit card agreement has not been provided to the Court nor are there any allegations in the Complaint as to what state law governs the agreement or the subsequent debt collection efforts.  However, the Complaint does allege that Mr. Will is a Colorado resident, received the Collection Letter at his Colorado address, and that "all of the events or omissions giving rise to the claim occurred with the District of Colorado."  **(#1 at ¶¶ 13, 20)**.  Also, both parties apply Colorado law to this dispute without any discussion.  Thus, because the parties agree that Colorado law applies and the Court has no contrary information before it, the Court treats this as a stipulation that Colorado applies to this matter.

Furthermore, there was nothing improper in requesting payment on a debt for which no collection action could be initiated.  The expiration of the statute of limitations does not extinguish a debt; it simply prevents the creditor from using legal process to collect it. *See Pirera v. Sullivan Kline Group, LLC*, No. 18-cv-01477-PAB-KMT, 2019 WL 4201500, at *3 (D. Colo. Sept. 5, 2019) (citing Colorado law for the proposition that "although the running of the statute of limitations does not extinguish a debt, it may cause the remedy on a debt to be lost"); *Buchanan v. Northland Group, Inc*., 776 F.3d 393, 396 (6th Cir. 2015).  Thus, a debt collector's attempt to collect a timebarred debt does not violate the FDCPA, so long as the conduct is not false, deceptive, or misleading, especially where, as here, the debt collector's Collection Letter indicates that the limitations period has run.  *See Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1411 (2017) ("filing of a proof of claim that on its face indicates that the limitations period has run does not fall within the scope of any of the five relevant words [false, deceptive, misleading, unconscionable, or unfair] of the Fair Debt Collection Practices Act"); *Freyermuth v. Credit Bureau Servs., Inc*., 248 F.3d 767, 771 (8th Cir. 2001) (holding "in the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid"); *Stimpson v. Midland Credit Mgmt., Inc*., No. 17-cv-00431, 2018 WL 4643110, at *5 (D. Idaho Sept. 27, 2018) (stating that a debt collector may seek payment after statute runs and offer "to accept less than the full amount [debtor] owes—resulting in savings for" debtor).

Here, the Complaint contains no factual allegations suggesting that the debt was invalid, had no legal basis or  was not owed by Mr. Will.  In addition, there  is no showing that the Collection Letter threatened litigation or any other legally-precluded remedy. Indeed, quite the opposite is true – it expressly states that no legal action would be taken.

Although Mr. Will asserts that PRA should have stated that it "cannot" sue him rather than it "will not" sue him, other courts have found this exact (or substantially similar) language does not violate the FDCPA.[4]  *See Valle v. First Nat'l Collection Bureau, Inc.*, 252 F. Supp. 3d 1332, 1341 (S.D. Fla. 2017); *Judah v. Total Car, Inc.*, No. 16-5881, 2017 WL 2345636, at * 5 (D.N.J. May 30, 2017); *Olsen v. Cavalry Portfolio Services*, No. 8:15-cv-2520-T-23AAS, 2016 WL 4248009, at *2 (M.D. Fla. Aug. 11, 2016).[5]  This Court quite agrees.

Taking Mr. Will's allegations as true, the Court finds that as a matter of law, even a "least sophisticated consumer" would not find PRA's Collection Letter deceptive, false, or misleading. Accordingly, the Complaint's allegations fail to state a plausible claim that PRA violated § 692e of the FDCPA, and the claim must be dismissed.

---

[4]     Indeed, PRA asserts that it was directed to use this exact disclosure language in any letter seeking to collect on a timebarred debt pursuant to a Consent Order entered into with the Consumer Financial Protection Bureau in September 2015.  **(#25 at 12)**.

[5]     Some courts have found collection letters that do not contain any disclosure related to the fact that the debt is time barred could violate the FDCPA.  *See Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 513 (5th Cir. 2016) (holding that a "collection letter seeking payment on a time-barred debt (without disclosing its unenforceability) but offering a 'settlement' and inviting partial payment (without disclosing the possible pitfalls) could constitute a violation of the FDCPA."); *Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679 (7th Cir. 2017) (holding that a collections letter that offered to "settle" a time-barred debt but did not warn of the potential revival of the statute of limitations violated the FDCPA).  However, these cases are distinguishable to the facts alleged in this matter.   The collection letter in *Pantoja* offered to "settle" the consumer's debts and stated, "we will not sue you" but failed to include the following language present in this case that clarified to Mr. Will that his debt is time barred or legally unenforceable: "the law limits how long a debtor can be sued on the debt."  **(# 1 at 1-2)**.  Further, unlike in *Pantoja*, here, PRA's Collection Letter mentions nothing about a settlement.  Also, in *Buchanan v. Northland Group, Inc.,* 776 F.3d 393 (6th Cir. 2015), the Sixth Circuit suggested that a debt collector could cure the problems in its collection letter by providing the following notice: "[t]he law limits how long you can be sued on a debt.  Because of the age of your debt, [a debt collector] will not sue you for it, and [a debt collector] will not report it to any credit reporting agency."  *Id.* at 400.  This disclosure is nearly identical to the one PRA provided to Mr. Will.

#### 2.        Violation of § 1692f

Similar to § 1692e, in order to state a claim for a violation of § 1692f , Mr. Will must

show (1) he is a consumer; (2) who incurred a personal debt; (3) PRA is a debt collector; and (4)

PRA, through its acts or omissions, violated § 1692f of the FDCPA by employing unfair means

to collect the timebarred debt.  *See Maynard*, 401 F.App'x at 393; *Nikkel*, 2012 WL 5571058 at

*10.  Given that the first three elements of Mr. Will's claim have been sufficiently alleged, the

Court turns to the disputed fourth element.

PRA contends Mr. Will's claim under § 1692f—that the Collection Letter uses unfair

means to collect the debt because it does not inform him that "even a partial payment or promise

to pay may restart the relevant statute of limitations in the future"— fails because it does not

accurately state Colorado law.  **(#25 at 2, 5-8)**.  Again, PRA is correct.

In *Drake v. Tyner*, 914 P.2d 519 (Colo. App. 1996), when applying the six-year statute of

limitations set forth in Colo. Rev. Stat. § 13-80-103.5, the Colorado Court of Appeals stated that

in the case of a single debt *not yet barred by the statute of limitation*s, partial payment tolls the

statute of limitations  *Id.* at 522.  But such is not the case when the statute of limitations has

passed. The *Drake* Court went on to clarify that "where is there is one debt and payment is made

after the limitations period has expired, the debtor's intent to revive the debt must be clear and

unequivocal so as to indicate the debtor's willingness and obligations to pay the debt in

question."  *Id.*; *see also* 51 Am.Jur.2d Limitation of Actions § 330 ("To take a debt out of the

statute of limitations by a part payment, the evidence of the identification of the debt must be

clear, positive, and unequivocal, and must plainly refer to the debt in controversy.").

Mr. Will's fear is misplaced.  His or any debtor's  payment without evidence of a clear

and unequivocal intention to revive the debt has no effect upon a fully satisfied statute of

limitation.[6]  Because there was no risk to the statute of limitations might be revived by Mr.

Will's payment, PRA could not have violated § 1692f of the FDCPA.  Even a "least

sophisticated consumer" would not find PRA's Collection Letter used unfair or unconscionable

means to collect the debt.  The Complaint fails to state a claim for a violation of  § 1692f of the

FDCPA, and the claim is dismissed.

## V.  CONCLUSION

For the foregoing reasons, Defendant Portfolio Recovery Associates, LLC's Motion to

Dismiss **(#25)** is **GRANTED**.  All claims in this action are **DISMISSED**. There being no

representation by Mr. Will that the deficiencies in the Complaint can be remedied by

amendment, no period for same shall be reflexively granted.  Any request to amend shall be

made by Motion filed within 14 days from the date of this Order, failing which the Clerk of the

Court shall close this case.

Dated this 24th day of September, 2019.

**BY THE COURT:**

_____

Marcia S. Krieger
Senior United States District Judge

---

[6]     The Court notes that in the untimely and non-compliant motion to amend the Complaint
**(#35)**, Mr. Will apparently agrees with PRA's argument that this claim is legally insufficient.