UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:19-cv-61375-RAR

VILMA REYES,

    Plaintiff,

v.

RADIUS GLOBAL SOLUTIONS LLC,

    Defendant.
_____/

**RESPONSE TO
DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff VILMA REYES ("Plaintiff") submits this Response to Defendant RADIUS GLOBAL SOLUTIONS LLC's ("Defendant") Notice of Supplemental Authority [D.E. 23].

1. Pursuant to Defendant's Notice of Supplemental Authority:

   On September 24, 2019, in *Will v. Portfolio recovery Associates, LLC,* No. 1:18-cv-02790-MSK-KMT, Doc. 41 (D. Co.), the Honorable Marcia S. Krieger granted a motion to dismiss [a] plaintiff's claim under the [FDCPA] where the collection at issued stated that due to the age of the debt, defendant, "will not sue" [the] plaintiff and [said collection letter] did not contain any disclosures that choosing one of the repayment options [offered therein] would restart the statute of limitations.

D.E. 23 at 1, ¶ 1. The supplemental authority offered by Defendant, however, does not support Defendant's reading of the facts presently before this Court. First, at the outside, the plaintiff in Will did not file *any* response to the motion underlying the issued opinion. As the court noted, "In lieu of a Response, on March 7, 2019, [the plaintiff] filed a Motion for Leave [to file an amended complaint]," of which the Will court denied." As such, the entirety of the opinion which Defendant now offers was the product of an unopposed and otherwise one-sided argument.

2. With respect to the substance of the opinion, the Will court rested its decision on the fact that the plaintiff did not offer any contrary authority to the defendant's argument, stating in relevant part, "Mr. Will offers no controlling authority (and case law from other jurisdictions seems to suggest otherwise) in support of his contention that the Collection Letter's phrase, "we will not sue you," is false, inaccurate or misleading." Will v. Portfolio recovery Associates, LLC, No. 1:18-cv-02790-MSK-KMT, Doc. 41 at 7. Here, unlike the plaintiff in Will, Plaintiff has offered a wide breadth of authority. *See, e.g.,* D.E. 20 at ¶ 13-27.

3. Moreover, and critically, the Will court did not consider the entirety of the underlying collection letter, and instead chose to render an opinion without consideration to the collection letter as a whole, and in so doing, citied Valle v. First Nat'l Collection Bureau, Inc., 252 F. Supp. 3d 1332 (S.D. Fla. 2017).[1]

---

[1] Just as with Defendant's misuse of Valle in its Motion to Dismiss, the court in Will appears to have overlooked critical distinctions between the collection letter before it and that which was considered in Valle. As stated in Plaintiff's Response in Opposition to Defendant's Motion to Dismiss:

> [In Defendant's Motion to Dismiss], Defendant deceptively couches Valle v. First Nat'l Collection Bureau, Inc., 252 F. Supp. 3d 1332 (S.D. Fla. 2017) as having granted a "*motion for judgment on the pleadings where plaintiff alleged defendant violated the FDCPA by sending a letter to collect a time-barred debt which misleadingly stated the creditor 'will not' sue for the debt.*" D.E. 17 at 6. Not surprisingly, Defendant conveniently fails to mention that the collection letter involved in Valle also contained the following disclosure which Judge Scola exclusively relied on in issuing his opinion: "**In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt**." Valle, 252 F. Supp. 3d 1332 at 1339 (S.D. Fla. 2017) (emphasis added).

D.E. 20 at 7-8, ¶ 12.

4. Further, the decision reached in <u>Will</u> is not a faithful representation of Eleventh Circuit precedent, as <u>Will</u> hails from the Eighth Circuit. *See, e.g.,* <u>Holzman</u>, 920 F.3d 1264, 1269 (11th Cir. 2019) ("whether a representation made in a collection letter would be deceptive or misleading to the least-sophisticated consumer, or a collection practice would be unfair or unconscionable when applied to the least-sophisticated consumer, generally is a question of fact to be decided by a jury." (*citing* <u>LeBlanc v. Unifund CCR Partners</u>, 601 F.3d 1185, 1194 (11th Cir. 2010). Simply put, the <u>Will</u> decision was the result of an unopposed motion to dismiss and does not accurately reflect the legal landscape with respect to the FDCPA in our circuit, let alone the *actual* arguments before this Court.

5. Just as with Defendant's Motion to Dismiss, by and through the Notice of Supplemental Authority, Defendant seeks to "erroneously narrow[] Plaintiff's allegations to the term 'will not sue.' <u>D.E. 17</u> at 8. The allegations of the Complaint, and for that matter, the language of the Collection Letter go much further. Here, the pointed excerpt from the Collection Letter is as follows: "**The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency,**" and "**Radius Global Solutions is a collection agency. We do not sue people and we cannot and will not sue you on any account placed with our office**." <u>D.E. 1</u> at ¶ 25 (emphasis added)." <u>D.E. 20</u> at 13.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

DATED: October 8, 2019

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 8, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

Respectfully Submitted,

 /s/ Thomas J. Patti                                     .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com