UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:19-cv-61375-RAR

VILMA REYES,

    Plaintiff,

v.

RADIUS GLOBAL SOLUTIONS LLC,

    Defendant.
_____/

**RESPONSE TO
DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff VILMA REYES ("Plaintiff") submits this Response to Defendant RADIUS GLOBAL SOLUTIONS LLC's ("Defendant") Notice of Supplemental Authority [D.E. 27] ("Defendant's Supplement").

1.    Defendant's Supplement presents two cases as relevant to this Court's consideration of Defendant's Motion for Judgment on the Pleadings [D.E. 17]: (1) Stimpson v. Midland Credit Mgmt., Inc., 2019 WL 6885508 (9th Cir. Dec. 18, 2019); and (2) Tillman v. Midland Credit Management, et al., 2019 WL 6718985 (W.D. Ark. Dec. 10, 2019). Neither of these cases, however, offer any utility to the matter presently before this Court, and instead, continue Defendant's efforts to erroneously narrow[] Plaintiff's allegations to the term "will not sue." D.E. 17 at 8.

2.    With respect to Stimpson, the court clearly illustrates the limits of its analysis, stating: "[n]othing in the letter falsely implies that [the defendant] could bring a legal action against [the plaintiff] to collect the debt. For instance, the letter does not offer [the plaintiff] a 'settlement offer,' which could 'falsely impl[y] that the underlying debt is enforceable in court.'" Stimpson,

PAGE | **1** of **4**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

2019 WL 6885508, at *4. This limited analysis is contrary to the facts presently before this Court, and for that matter, severely limits any utility of the decision in three distinct ways.

3. First, the collection letter before this Court **contains a settlement offer**, or more pointedly, a "Resolution offer." D.E. 1-3; *See* D.E. 20 at ¶ 6 (*citing*, among other things, Holzman v. Malcolm S. Gerald & Assocs., Inc., 920 F.3d 1264, 1271 (11th Cir. 2019) (noting the difference between offering to "resolve" a time-barred debt and "settle" a time-barred debt as merely "semantic")). Second, the issues Plaintiff has with the underlying collection letter are **not** limited to Defendant's use of the term "will not sue," and instead, are the result of the collection letter being considered as a whole by the least sophisticated consumer. *See, e.g.,* D.E. 20 at ¶ 14 ("Simply put, because the Collection Letter says LVNV will not sue, while stating Defendant cannot sue, the least sophisticated consumer will believe LVNV had a choice in the matter – which is completely false.").

4. Third, the decision reached in Stimpson is not a faithful representation of Eleventh Circuit precedent, as Stimpson hails from the Ninth Circuit. Simply put, in Stimpson, the court – *not the jury* – applied the least sophisticated consumer standard. This is inappropriate by Eleventh Circuit standards. *See, e.g.,* Holzman, 920 F.3d 1264, 1269 (11th Cir. 2019) ("whether a representation made in a collection letter would be deceptive or misleading to the least-sophisticated consumer, or a collection practice would be unfair or unconscionable when applied to the least-sophisticated consumer, generally is a question of fact to be decided by a jury." (*citing* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1194 (11th Cir. 2010).

5. With respect to Tillman, a careful reading of the court's rational supports Plaintiff's argument, *not* Defendants. With respect to the matter before this Court, Defendant repeatedly seeks

PAGE | **2** of **4**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to erroneously limit Plaintiff's argument to only portions of the collection letter, rather than the collection letter as a whole.

6. In Tillman, the court first noted that "[v]iewed in a vacuum, the phrase 'we will not sue you' could arguably be interpreted to mean that [the defendants] merely chose not to sue on the debt and that [the defendants] could change their mind and file suit." Tillman, 2019 WL 6718985, at *5. Thereafter, however, the court clarified the importance of reading the collection letter as a whole, stating "the phrase must be read in the proper context." Id. Similarly, the collection letter before this Court [D.E. 1-3] must not be "viewed in a vacuum." Tillman, 2019 WL 6718985, at *5. The importance of reading the collection letter *as a whole* is exactly what Plaintiff stresses, *i.e.*, *that when read in full context though the lenses of the least sophisticated consumer*, the underlying collection letter is unlawfully false and misleading. *See, e.g.,* D.E. 20 at ¶ 14 ("Simply put, because the Collection Letter says LVNV will not sue, while stating Defendant cannot sue, the least sophisticated consumer will believe LVNV had a choice in the matter – which is completely false."); LeBlanc, 601 F.3d 1185, 1194 (11th Cir. 2010) ("The least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a **willingness to read a collection notice with some care**." (emphasis added)).

7. Lastly, just as with Stimpson, Tillman is not a faithful representation of Eleventh Circuit precedent, as Tillman hails from the Eighth Circuit. In Tillman , the court – *not the jury* – applied the least sophisticated consumer standard. This is inappropriate by Eleventh Circuit standards. *See, e.g.,* Michael v. HOVG, LLC, 232 F. Supp. 3d 1229, 1237 (S.D. Fla. 2017) (the "least sophisticated consumer analysis is best left to a jury" (*quoting* LeBlanc, 601 F.3d at 1195)).

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

PAGE | **3** of **4**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

DATED: January 9, 2020

Respectfully Submitted,

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail: tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 9, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

Respectfully Submitted,

/s/ Thomas J. Patti                .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377