UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-61375-RAR

**VILA REYES**,

    Plaintiff,

v.

**RADIUS GLOBAL SOLUTIONS**,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

**THIS CAUSE** is before the Court on Defendant Radius Global Solutions' ("Radius") Motion for Judgment on the Pleadings [ECF No. 17] ("Motion"), filed on August 28, 2019. Plaintiff Vila Reyes ("Reyes") claims Radius violated two provisions of the Fair Debt Collection Practices Act ("FDCPA")—15 U.S.C. sections 1692e and 1692f—by sending her a debt collection letter containing language that was allegedly "deceptive, misleading, unfair, and unconscionable." Compl. [ECF No. 1] ¶¶ 4, 6, 18, 40.  Radius moves for judgment on the pleadings, asserting that the language at issue is not "deceptive, misleading, unfair, [or] unconscionable" as a matter of law. Mot. at 1–2.

The Court has carefully considered the Motion, Reyes' Response in Opposition to the Motion [ECF No. 20] ("Response"), Radius' Reply in Support of the Motion [ECF No. 21] ("Reply"), Radius' Notice of Supplemental Authority [ECF No. 23], Reyes' Response to Radius' Notice of Supplemental Authority [ECF No. 24] and Radius' Second Notice of Supplemental Authority [ECF No. 27], the record, and applicable law.  For the reasons set forth below, the Motion [ECF No. 17] is **GRANTED**.

## BACKGROUND

Radius mailed Reyes a single collection letter dated December 27, 2018 ("Collection Letter"), containing the following language:

> On 12/21/18 LVNV Funding LLC [("LVNV")] authorized [Radius] to collect this debt on their behalf. We are willing to accept a reduced payment offer. Please note, we are not obligated to renew this offer. Upon receipt and clearance of $299.58, a letter will be sent confirming that the above referenced account has been resolved . . . . ***The law limits how long you can be sued on a debt. Because of the age of your debt, [LVNV] will not sue you for it, and [LVNV] will not report it to any credit reporting agency.*** [Radius] is a collection agency. We do not sue people and we cannot and will not sue you on any account placed with our office.

Collection Letter [ECF No. 1-3] (emphasis added). Reyes claims the language in the Collection Letter violates sections 1692e and 1692f of the FDCPA for three reasons: (1) it fails to inform Reyes that LVNV "*cannot* sue" (as opposed to "will not sue") in light of the expiration of the Florida statute of limitations; (2) it fails to inform Reyes that a partial payment may revive the statute of limitations;[1] and (3) Radius' use of the phrase "resolution offer" in the letter misleads "the least sophisticated consumer" into believing that paying the debt would result in savings to the consumer when in reality "payment [of] any amount of the [debt] . . . will service to revive the statute of limitations." Compl. ¶¶ 40-45. For these reasons, Reyes asserts that the Collection Letter is "deceptive, misleading, unfair, and unconscionable."

Radius maintains that the Collection Letter does not violate the FDCPA for three reasons: (1) the phrase "will not sue" is not misleading to the least sophisticated consumer; (2) the FDCPA

---

[1] In her Response, Reyes attempts to allege, for the first time, other possible consequences that may arise when making a partial payment on a time-barred debt. For example, Reyes mentions negative tax implications and negative annotations on credit reports. Resp. ¶ 9. However, at this posture, the Court must only consider the allegations raised in Reyes' pleading—not claims in her Response. Because these harms were not alleged in Reyes' Complaint, the Court must assume the only potential harm stemming from Radius' failure to include a partial payment disclosure is the alleged revival of Reyes' time-barred debt.

does not prohibit the collection of time-barred debts nor requires a disclosure informing consumers that a partial payment may revive the statute of limitations; and (3) an offer to resolve a debt in the context of an explicit promise not to sue cannot be considered false or misleading as a matter of law. Mot. at 10.

## LEGAL STANDARD

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[j]udgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). "In determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party. If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.* (citation omitted).

## ANALYSIS

"The FDCPA protects consumers from abusive debt collection practices by regulating the conduct of debt collectors." *Holzman v. Malcolm S. Gerald & Assoc.*, 920 F.3d 1264, 1269 (11th Cir. 2019). To establish an FDCPA claim, it must be determined that "(1) the plaintiff [was] the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Pescatrice v. Orovitz*, 539 F. Supp. 2d 1375, 1378 (S.D. Fla. 2008) (internal quotations omitted) (quoting *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002)).

The parties do not dispute that Reyes was the object of collection activity arising from consumer debt and Radius is a debt collector. *See* Compl. ¶¶ 9-11; Answer [ECF No. 4] ¶¶ 9-11. Therefore, the only question before the Court is whether Radius engaged in an act or omission prohibited by the FDCPA. As mentioned, Reyes alleges the Collection Letter violates sections 1692e and 1692f of the FDCPA.[2] Section 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

In determining whether a debt collector's letter was "false, deceptive, or misleading" under 1692e or "unfair or unconscionable" under 1692f, the Court applies the "least sophisticated consumer" standard and asks whether the collection letter would have been "false, deceptive, or misleading," or "unfair or unconscionable" from the perspective of the "least sophisticated consumer." *Holzman*, 920 F.3d at 1269. In the Eleventh Circuit,

> [t]he least sophisticated consumer standard is intended to protect all consumers, the gullible as well as the shrewd. As such, the least sophisticated consumer is presumed to have only a rudimentary amount of information about the world. Nevertheless, it is assumed that the least sophisticated consumer will be willing to read a collection notice with some care.

*Id.* (internal quotations and citations omitted). Further, the least sophisticated consumer standard "has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient

---

[2] Reyes combined her section 1692e and 1692f claims into one count in the Complaint. *See* Compl. ¶¶ 40-46. Therefore, both claims are based on the same underlying conduct.

of reasonableness." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1259 (11th Cir. 2014) (citing *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010)).

"[W]hether a representation made in a collection letter would be deceptive or misleading to the [least sophisticated] consumer, or a collection practice would be unfair or unconscionable when applied to the [least sophisticated] consumer, generally is a question of fact to be decided by a jury." *Holzman*, 920 F.3d at 1269. However, either question is resolvable as a matter of law if no reasonable jury, viewing the facts in the light most favorable to the nonmovant, could find that the collection letter's language would be be "false, deceptive, or misleading" or "unfair or unconscionable" to the least sophisticated consumer. *Id.* at 1272. Given the applicable law, the Court now turns to the three key arguments presented by Reyes.

### i. "Will Not Sue" v. "Cannot Sue"

According to Reyes, the Collection Letter is misleading and/or deceptive because it states that LVNV *will not* sue Reyes when in reality LVNV *cannot* sue Reyes to collect the time-barred debt. Simply put, Reyes asserts that the phrase "will not" implies a choice or promise by LVNV not to sue Reyes as opposed to an explicit prohibition and as a result, the least sophisticated consumer is misled or deceived about the legal status of the underlying debt.

In support of her allegations, Reyes relies on *Pantoja v. Portfolio Recovery Assocs., LLC*, where the collection letter indicated that the debt collector "*will not* sue" because of the age of the debt but omitted language about the statute of limitations. 852 F.3d 679, 686 (7th Cir. 2017). Because the letter did not reference the legal limitations in recovering the underlying debt, the Seventh Circuit determined that "[t]he reader is left to wonder whether [the debt collector] has chosen to go easy on this old debt out of the goodness of its heart, or perhaps because it might be difficult to prove the debt, or perhaps for some other reason." *Id.* And as a result, the court held

that the collection letter violated the FDCPA because the least sophisticated consumer might conclude that the debt was legally enforceable, and the debt collector merely *chose* not to sue the consumer at that time. *Id.*

Relying predominately on *Valle v. First Nat. Collection Bureau, Inc.*, Radius maintains that using the phrase "will not sue" as opposed to "cannot sue" does not violate the FDCPA. 252 F. Supp. 3d 1332, 1338–42 (S.D. Fla. 2017). In *Valle,* the collection letter similarly stated that the creditor "will not sue" the consumer because of the age of the debt. *Id.* at 1339. However, the collection letter did reference the legal limitations on suing the consumer to collect a debt and the possible consequences that may arise from a partial payment of the debt. There, the court determined that the collection letter did not misrepresent the legal status of the debt—and thus did not violate the FDCPA as a matter of law—because the collection letter specifically connected the debt collector's promise not to sue to the age of the debt.[3] *Id.* at 1339-40.[4]

Here, the Collection Letter explicitly states in its third and final paragraph that Radius *cannot* sue to collect the debt addressed in the letter. *See* Collection Letter ("[Radius] cannot and will not sue you on any account placed with our office."). Additionally, the least sophisticated consumer would not reasonably interpret the Collection Letter to mean that LVNV was voluntarily

---

[3] The court in *Valle* also based its decision on the collection letter's disclosure about a partial payment possibly triggering the statute of limitations. *See id.* at 1339-40.

[4] *See also Swann v. Dynamic Recovery Solutions, Inc., LLC*, No. 18-1000, 2018 WL 6198997, at *11-12 (N.D. Ala. Nov. 28, 2018) (finding no deception where the collection letter for a time-barred debt stated that the creditor "will not sue" as opposed to "cannot sue" after recognizing the same language in consent decrees entered into by the Federal Trade Commission and the Consumer Financial Protection Bureau; additionally, the court noted the "connection between the legal unenforceability of the debt and the debt collector's promise not to sue.") (internal quotations and citations omitted); *Trichell v. Midland Credit Mgmt., Inc.*, No. 18-00132, 2018 WL 4184570, at *4 (N.D. Ala. Aug. 31, 2018) (finding that a collection letter stating the age of the debt; the time limits to sue a consumer for the debt; and the debt collector will not sue to collect the debt, sufficiently connected the legal unenforceability of the debt and the debt collector's promise not to sue and therefore, did not violate the FDCPA).

choosing not to sue. Unlike the letter in *Pantoja*, the Collection Letter at issue states that "[t]he law limits how long you can be sued on a debt." *Id.* It further notes that "[LVNV] will not sue" on the debt "[b]ecause of [its] age." *Id.* Reading the Collection Letter as a whole, the phrase "will not sue" is not misleading or deceptive, even from the perspective of the least sophisticated consumer, because it sufficiently connects the legal unenforceability of the debt to the creditor's promise not to sue. *See Holzman*, 920 F.3d at 1273 (finding language virtually identical to the wording of the Collection Letter "correct[ed] any possible misimpression by unsophisticated consumers" regarding the legal status of a time-barred debt) (quoting *Buchanan v. Northland Group, Inc.*, 776 F.3d 393, 400 (6th Cir. 2015)). Therefore, the debt collector's use of the phrase "will not sue" as opposed to "cannot sue" does not violate sections 1692e or 1692f of the FDCPA as a matter of law.

### ii. *Partial Payment Disclosure*

Reyes is not alleging that the collection of a time-barred debt is *per se* prohibited under the FDCPA. *See* Resp. ¶ 6. Rather, Reyes is asserting that Radius must provide consumers with a disclosure about the possible consequences that *may* arise under state law if a partial payment is accepted for a time-barred debt. *See id.* at ¶ 21. According to Reyes, Radius' failure to provide this disclosure is unfair and misleads or deceives the least sophisticated consumer in an attempt to collect a debt and therefore violates sections 1692e and 1692f of the FDCPA. *Id.* at ¶¶ 22-23.

It is undisputed that the consumer debt at issue is time-barred under Florida law. *See id.* at ¶¶ 21-22. However, Reyes' Response makes an ill-fated attempt to argue that the collection of the underlying debt may be governed by **another** state's laws, and therefore, Radius was required to disclose the potential consequences a partial payment *may* have on the statute of limitations. *Id.* at ¶ 22. This argument fails because it plainly contradicts Reyes' pleading. *See* Compl. ¶ 21 ("The

Consumer Debt is a time-barred debt, in that, suing Plaintiff to collect the Consumer Debt is prohibited by the applicable statute of limitations. *See* Fla. Stat. § 95.11."). Therefore, taking all allegations in the Complaint as true and drawing all reasonable inferences in favor of Reyes, the Court *must* assume that the collection of the underlying debt is governed by Florida law. [5] To assume otherwise would require the Court to ignore Reyes' own allegations in her Complaint.

Under Florida law, "[a]n acknowledgment of, or promise to pay, a debt barred by a statute of limitations *must be in writing and signed by the person sought to be charged*." Fla. Stat. § 95.04 (emphasis added). "Thus, a payment on a debt barred by the statute of limitations without an acknowledgment of the balance of the debt as existing and a willingness to pay the debt will not take it out of the statute." *Madinya v. Portfolio Recovery Assocs., LLC*, No. 18-61138, 2018 WL 4510151, at *5 (S.D. Fla. Sept. 20, 2018) (citation and internal quotations omitted). And "if a time-barred debt cannot be revived by partial payment alone under Florida law, then the least sophisticated consumer could not be misled by omission of language regarding the potential consequences of such payment." *Id.*; *see also Koerner v. Midland Credit Mgmt, Inc.*, 347 F. Supp. 3d 1143, 1146 (M.D. Fla. 2018) (failing to inform consumers that a partial payment may trigger the statute of limitations is not misleading because the debt collector agreed, among other things, to forgo legal action and there is "no scenario in which the statute of limitations would be revived"); *Lopera v. Midland Credit Mgmt., Inc.*, No. 16-1448, 2016 WL 6650744, at *5 (M.D. Fla. Nov. 10, 2016) ("If Florida law applied and did not provide for the revival of the statute of limitations by partial payment, then even the least sophisticated consumer could not be deceived about the consequences of making a partial payment because the negative consequence of which

---

[5] Because the Court must only consider whether Radius violated the FDCPA by failing to include a disclosure about the possible revival of the statute of limitations under Florida law, the Court's analysis is limited in scope.

Lopera complains could not occur."); *Olsen v. Cavalry Portfolio Servs., LLC*, No. 15-2520, 2016 WL 4248009, at *2 (M.D. Fla. Aug. 11, 2016) ("[T]he FDCPA imposes . . . no duty to advise [consumers] of potential defenses, including the expired limitation or the consequence of partial payment.").[6]

Even though a partial payment, alone, does not trigger the statute of limitations under Florida law, Reyes asserts that the Collection Letter may still be misleading.[7] In support of this claim, Reyes relies on *Gomes v. Portfolio Recovery Assocs., LLC*, No. 18-21872, 2019 WL 3890324 (S.D. Fla. May 7, 2019), where the district court denied summary judgment for the debt collector despite the collection letter being factually accurate. In *Gomes*, the collection letter similarly did not warn the consumer of the potential consequences of making a partial payment. *Id.* at *3. The debt collector argued that the least sophisticated consumer could not be misled by its failure to include such a disclosure because that alone was insufficient to revive a time-barred debt. In opposition, the consumer claimed that the interpretation of the letter from the perspective

---

[6] The Court also notes that Radius can collect Reyes' debt even though the statute of limitations has expired. "State law usually determines whether a person has [] a right [to payment]," after a statute of limitations period has elapsed, *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1411 (2017), and in Florida, the statute of limitations period "bars only the right of action, and not the debt itself," *Fla. Nat. Bank of Jacksonville v. Gardner*, 19 So. 2d 5, 6 (Fla. 1944). Accordingly, the debt continues to exist despite Radius being barred from suing to collect it, and the law does not bar Radius from offering a debtor the opportunity to resolve the debt by paying less than the debt's present balance. *Valle*, 252 F. Supp. 3d at 1340; *see also Ehrich v. Convergent Outsourcing, Inc.*, 1:15-cv-22796, 2015 WL 6470453, at *3 (S.D. Fla. Oct. 28, 2015) ("[T]he majority of courts have held that when the expiration of the statute of limitations does not invalidate a debt, but merely renders it unenforceable, the FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts.") (quoting *Huertas v. Galaxy Asset Mgt.*, 641 F.3d 28, 32-33 (3d Cir. 2011)) (internal quotations omitted).

[7] To further support her claim that Radius violated the FDCPA by failing to include a partial payment disclosure, Reyes references a second, unrelated collection letter by Radius, which warned consumers about the possible consequences of making a partial payment or a written promise to pay. Resp. ¶¶ 22-23. However, the existence of another collection letter containing a partial payment disclosure does not support Reyes' allegations; merely including the warning in some but not all its letters does not give rise to an FDCPA violation. Moreover, the second, unrelated collection letter is not mentioned in Reyes' pleading nor is it attached to Reyes' Complaint; therefore, the Court cannot consider it at this posture.

of the least sophisticated consumer was a question for the jury, and the *Gomes* court agreed. The district court determined that "reasonable jurors applying the least sophisticated consumer standard could disagree as to the inferences to be drawn from the [c]ollection [l]etter" and as a result, the question of whether the collection letter was misleading was a disputed material fact. *Id.* at *4.

Although *Gomes* is persuasive authority, it did not address whether the omitted disclosure violated sections 1692e and 1692f of the FDCPA *as a matter of law*. Rather, the *Gomes* court approached the interpretation of a collection letter under the least sophisticated consumer standard as a question of fact for the jury. However, the Court, under *Holzman*, is permitted to consider a debt collector's representation as a matter of law if no reasonable jury, viewing the facts in the light most favorable to the nonmovant, could find the collection letter's language "false, deceptive, or misleading" or "unfair or unconscionable" to the least sophisticated consumer. Here, no reasonable jury could find that the least sophisticated consumer would be misled or deceived by the Collection Letter for failing to include an inconsequential disclosure. Therefore, the Court finds *Gomes* distinguishable and inapplicable.

Moreover, the purpose of the FDCPA is not to impose liability on debt collectors for unreasonable interpretations of collection notices. *Crawford*, 758 F.3d at 1259. Rather, the FDCPA is intended to "stop the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" and protect consumer debtors. *Id.* at 1257. Radius did not engage in abusive or deceptive practices by omitting information about a nonexistent risk because a partial payment, alone, cannot restart the clock on Reyes' debt under Florida law. Therefore, Radius did not violate sections 1692e and 1692f of the FDCPA as a matter of law.

### iii. "Resolution Offer"

Lastly, Reyes asserts the "Resolution Offer" in the Collection Letter violates sections

1692e and 1692f of the FDCPA because the least sophisticated consumer is led to believe that agreeing to the "reduced payment offer" would save the consumer money, when in fact it would revive the applicable statute of limitations period and potentially lead to litigation against the consumer.  Compl. ¶ 45.  Because of this, Reyes alleges that the Collection Letter is misleading, deceptive, and unfair.  *Id.*

Reyes is mistaken for two reasons.  First, as discussed above, a partial payment of the debt will not revive the applicable statute of limitations.  Second, it is not misleading or deceptive to give a "resolution offer" of a time-barred debt if coupled with language indicating the legal limitations of collecting the debt.  In *Holzman*, the Eleventh Circuit held that the least sophisticated consumer could be misled by an offer to "resolve" an existing debt when combined with a deadline to accept the offer and a warning that the offer might not be renewed if payment was not timely made.  920 F.3d at 1272; Resp. ¶ 6.  However, the Eleventh Circuit noted that debt collectors may avoid misleading consumers by including "general language" about the statute of limitations.  *Holzman*, 920 F.3d at 1273 (quoting *Buchanan*, 776 F.3d at 400).

In fact, the *Holzman* court suggested that language strikingly similar to that used by Radius in the Collection Letter <u>would</u> adequately advise the least sophisticated consumer of the time-barred debt.  *Id.*  Moreover, the letter in *Holzman* is factually distinguishable from the Collection Letter before the Court, as the Collection Letter does not include a deadline to accept the offer.  And unlike the consumer in *Holzman* who was faced with both a deadline *and* a warning that the offer may not be renewed, Reyes was not "presented with an ultimatum, and [fear] that failure to make payment within the required timeframe would result in negative consequences, such as legal action."  *Id.*

## CONCLUSION

Because the Collection Letter is neither "false, deceptive, or misleading" nor "unfair or unconscionable" to the least sophisticated consumer, Radius did not violate sections 1692e and 1692f of the FDCPA as a matter of law. Therefore, it is

**ORDERED AND ADJUDGED** that Defendant's Motion for Judgment on the Pleadings [ECF No. 17] is **GRANTED**. This action is **DISMISSED with prejudice**. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, the Court will enter a final judgment in favor of Defendant by separate order.

**DONE AND ORDERED** in Fort Lauderdale, Florida on this 9th day of January 2020.

_____
RODOLFO A. RUIZ
UNITED STATES DISTRICT JUDGE